ERVIN, Judge.
Jacqueline Lee Welch, aged 5 years, and her little brother, Patrick Welch, were seriously injured in a- retail clothing store in Panama City Beach, Florida, when a plate glass window in the store front exploded during an unusually heavy wind and rain storm in February, 1976. Appellees Julian and Donald Bennett owned the store and, at the time of the accident, leased it to appellees Jimmy Christo and Tom Cooley. The window was made of Vi" thick plate glass and was approximately 8V2' high and 10' wide.
Appellee Julian Bennett stated in a deposition that he had relied on the architect and the contractor to meet safety codes in design and construction of the building in 1970, and that he had approved the architect’s plans. Bennett was aware of the dangerous propensities of glass and had signed one change order to install tempered glass so that patrons would not walk through the front windows by mistake.
The architect who designed the building stated that the windows were installed in compliance with the wind-load capacity required by the Panama City Beach municipal code in 1970. The architect’s specifications called for him to conform to municipal codes and ordinances as well as the Southern Building Code. The lessees Cooley and Christo consulted with the architect concerning the plans and specifications during the construction of the building, as did the appellee-owners, the Bennetts. The architect recalled that, of the four, lessee Cooley and owner Don Bennett worked more closely with him than did the other appellees.
The plaintiffs offered the affidavit of Courtland Collier, a civil engineer and professor in the engineering department at the University of Florida, which stated that he had read the plans and specifications for the store and that “[i]n view of the size of the windows, the use of one-fourth inch plate glass is in violation of the Southern Building Code as it existed ... at the time of the plaintiffs’ injury and at the time the building was designed and constructed.” The affidavit stated further that “the use of a building in a coastal area with plate glass one-fourth inch thick in windows ... [of that] size . is an ultra-hazardous activity. . . .” A second affidavit attached copies of Ch. 27 of the Southern Standard Building Code as it existed in 1969, specifying wind load capacities required in plate glass windows.
The defendants’ motions for summary judgment were granted, the trial judge stating that neither the lessees nor the owners could or should have known of any defect in the plate glass windows and that such a defect was not discoverable upon their ordinary inspection.
The plaintiffs argue that summary judgment was error since the question of the defendants’ liability was, at the least, one of disputed fact. We agree. The duty owners and occupiers of land owe invitees is to “keep [their] property reasonably safe and protect [them] from dangers of which [they are], or should be aware.” Post v. Lunney, 261 So.2d 146, 147 (Fla.1972) (footnotes omitted) (e. s.). Comment (b) to the Restatement (Second) of Torts, § 343, states that the owner’s or the occupier’s duty of care extends to “the original construction of the premises . . . [and] also . [to] inspection to discover their actual condition and any latent defects. . . .”
Here, the plaintiffs’ affidavit stated the building was not in compliance with applicable municipal and safety codes and ordinances when it was constructed and at the time the window exploded, seriously injuring the children. The affidavit, that the windows were incapable of withstanding wind loads that could be expected in the area, is not rebutted in the record. Coastal residents possess common knowledge that glass windows will explode or shatter during high winds, which may be expected from time to time, unless precautions are taken. Testimony of the defendants and the architect who designed the building was that some or all of the defendants had inspected and approved the plans. The defendants were not required to have the knowledge of an engineer to foresee that thin plate glass in windows with an area of *451 approximately 130 sq. ft. could be very hazardous, particularly in coastal areas which are frequently subjected to high winds.
Reversed and remanded for further proceedings consistent with this opinion.
MILLS, Acting C. J. and MASON, ERNEST E., Associate Judge, concur.