ERVIN, Judge.
Appellants, James and Kimberly Taylor, the plaintiffs in this premises liability action, contend that the trial court erred in entering summary judgment in favor of the defendants, because genuine issues of fact remain regarding whether the defendants used reasonable care in maintaining their premises. We agree and reverse and remand.
An owner or occupier of business premises owes a duty to its invitees to repair or warn of latent or concealed perils it knows of or should know of by the exercise of due care. Welch v. Auto Owners Ins. Co., 369 So.2d 449 (Fla. 1st DCA 1979); 2 Restatement (Second) of Torts § 343 (1965). Appellants’ expert stated in an affidavit that it is very probable that periodic inspection of the building would have put the owner or occupier on notice of the impending failure of the wall and awning, which collapsed, injuring Mr. Taylor. It is undisputed that none of the appellees conducted inspections of the building’s roof and exterior.
Whether the defendants’ duty of exercising reasonable care to maintain and inspect the premises extended to inspecting the awning at issue, and whether the defect would have been discoverable upon inspection, are questions of fact for the jury. See, e.g., Cain v. Brown, 569 So.2d 771 (Fla. 4th DCA 1990); Kala Invs., Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA), review denied, 551 So.2d 461 (Fla.1989). The trial court erred in resolving these disputed issues of fact based upon the record before us.
REVERSED and REMANDED for further proceedings.
JOANOS and MINER, JJ., concur.