**PAUL KADAIR, INC., d/b/a Paul Kadair's Home and Commercial Audio**

v.

**SONY CORPORATION OF AMERICA, et al.**

No. 78–83–B.

United States District Court, M. D. Louisiana.

Oct. 31, 1980.

Henry L. Klein, New Orleans, La., for plaintiff.

Frederick R. Tulley, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Dobbs–Stanford of Texas, Inc. and Yamaha International, Inc.

George W. Martin, Jr., Mark S. Clark, Hillis, Phillips, Cairncross, Clark & Martin, Seattle, Wash., William R. D'Armond, Sanders, Downing, Kean & Cazedessus, Baton Rouge, La., for Ogden Park Record Shop, Inc., Phase Linear Corp., Bose Corp., Rep–Tech, Inc.

George K. Anding, Jr., Watson, Blanche, Wilson & Posner, Baton Rouge, La., for Mill–Tronics, Inc. and Miller and Associates, Inc., and Plessey Inc.

Phillip A. Wittman, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for Kenwood Electronics, Inc.

Robert C. Funderburk, Jr., Dyer & Funderburk, Baton Rouge, La., for Art Colley's Audio Specialties, Inc.

Guy A. Modica, Baton Rouge, La., for Al Moskau and Associates, Inc.

Gordon A. Pugh, Breazeale, Sachse & Wilson, Baton Rouge, La., for Marantz Company, Inc.

Dando B. Cellini, Lemle, Kelleher, Kohlymeyer & Matthews, New Orleans, La., for Klipsch & Associates, Inc.

Wallace A. Hunter, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, La., for Sony Corp. of America.

Robert E. Barkley, Jr., Louis Y. Fishman, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for H. J. Wilson Co., Inc.

Blair L. Perry, Alexander A. Bernhard, Hale & Dorr, Boston, Mass., for Bose Corp.

Paul H. Spaht, Lee C. Kantrow, Kantrow, Spaht, Weaver & Walter, Baton Rouge, La., and Bernus Wm. Fischman, Lackshin & Nathan, Houston, Tex., for L. J. Paul and Associates, Inc.

Harry S. Hardin, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Phillips High Fidelity Laboratories, Ltd.

Cordell H. Haymon, Baton Rouge, La., for Savard Sound System Co.

Rutledge C. Clement, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., William A. Fenwick, Edmond C. Gregorian, Davis, Stafford, Kellman & Fenwick, Palo Alto, Cal., for U. S. Pioneer Electronics Corp.

Lawrence Roe Dodd, Dodd, Achee & Burt, Baton Rouge, La., for New Generation, Inc.

Jack C. Benjamin, New Orleans, La., for McIntosh Laboratory, Inc.

William H. Cooper, Cooper & Thompson, Baton Rouge, La., for Thorens Corporation of America and Elpa Distributing Co. Inc.

James V. DeMarco, New York City, for Tandberg of America, Inc.

Frederic E. Zimring, Zimring & Warner, Dallas, Tex., for Mill–Tronics, Inc. and Miller and Associates, Inc.

Neil H. Mixon, Jr., McCollister, McCleary, Fazio, Mixon & Holliday, Baton Rouge, La., for Crown International Corp.

Wendell J. Leary, Rich, May, Bilodeau & Flaherty, Boston, Mass., for Bozak, Inc.

Baret C. Fink, Beverly Hills, Cal., for Scientific Audio Electronics, Inc.

Henry B. Alsobrook, Jr., Adams & Reese, New Orleans, La., for Bang and Olufsen of America, Inc.

Asa D. Sokolow, Marc Rowin, Rosenmann, Colin, Freund, Lewis & Cohen, New York City, for Sony Corporation of America.

Gerald E. Fogerty, Olvany, Eisner & Donnelly, New York City, for Thorens Corp. of America.

Richard Nevils, Baton Rouge, La., for Kadair's, Inc.

POLOZOLA, District Judge:

The plaintiff has filed this antitrust action pursuant to 15 U.S.C. § 1 et seq. against various manufacturers, distributors, and retailers of stereo equipment. Plaintiff contends that the 41 companies named as defendants herein conspired to refuse to deal with the plaintiff.

Paul Kadair is the principal owner of the plaintiff corporation, a retail establishment engaged in selling high fidelity stereo equipment. He was formerly employed by Kadair's, Inc., one of the defendants herein. Kadair's, Inc. is principally owned and operated by plaintiff's uncle, Howard Kadair, and is also engaged in selling stereo equipment on the retail level. Plaintiff contends that soon after he left his uncle's employment to open his own business, plaintiff was faced with a group boycott by the defendant companies which refused to deal with him.

Named as defendants in this suit are 21 manufacturers, 14 distributors, and six retailers of stereo equipment. The 21 manufacturers named as defendants herein are Tandberg of America, Inc., Advent Corporation, Scientific Audio Electronics, Inc., Phillips High Fidelity Laboratories, Ltd., Klipsch and Associates, Inc., Bozak, Inc., McIntosh Laboratory, Inc., Thorens Corporation of America, Sony Corporation of America, Bang and Olufsen of America, Inc., Crown International, Inc., Kenwood Electronics, Inc., Altec Corporation, Phase Linear Corporation, Bose Corporation, Plessey, Inc., Superscope, Inc., Marantz Company, Inc., Dahlquist, Inc., U. S. Pioneer Electronics Corporation, and Yamaha Interna-

tional Corporation. The following distributors were named as defendants: Corenswet, Inc., AFCO Electronic Sales Corporation, Texport Sales Company, Sullivan and Associates, Inc., Elpa Distributing Company, Charles Lucas Sales Company, Wyborny Sales Company Inc., Al Moskau and Associates, Inc., Rep–Tech, Inc., Melco Sales, Inc., Miller and Associates, Inc., L. J. Paul and Associates, Inc., Tobias and Company, and Dobbs–Stanford of Texas Corporation. The six retailers named are: H. J. Wilson, Inc., Savard Sound System, Co., New Generation, Inc., Kadair's, Inc., Art Colley's Audio Specialties, Inc., and Ogden Park Record Shop Company, Inc.

This suit was filed on March 2, 1978. After the suit was filed, the Court stayed all discovery proceedings pending status conferences which were scheduled before the U. S. Magistrate. Following the initial status conference, the Court issued "Pre–Trial Order Number One" which, among other things, stayed discovery pending further orders of the Court. The plaintiff was also ordered to amend his complaint to include specific and detailed allegations as to each defendant. Thereafter, the Court again ordered the plaintiff to amend his complaint to set forth more detailed allegations as to each defendant herein. The defendants then began to file the various motions which are now pending before the Court.

Several parties have already been dismissed as defendants in this suit. These defendants include Tandberg of America, Inc., Advent Corporation, Scientific Audio Electronics, Inc., Phillips High Fidelity Laboratories, Ltd., Klipsch and Associates, Inc., Corenswet, Inc., AFCO Electronic Corporation, Texport Sales Company, Sullivan and Associates, Inc., H. J. Wilson, Inc., Savard Sound System, Inc., and New Generation, Inc.

There are now pending before the Court motions to dismiss and/or motions for summary judgment filed by the remaining defendants in this suit. Because matters outside the pleadings will be considered by the Court, the Court shall treat all motions filed herein as motions for summary judgment.

The plaintiff contends that the defendant manufacturers, distributors and retailers have conspired to restrain trade in the field of stereo equipment by engaging in a concerted refusal to deal. The defendants contend that their refusal to deal with the plaintiff were unilateral decisions made by each of the companies on an individual basis and based on various reasons other than a concerted conspiracy.

■ It is well settled that a unilateral refusal to deal is not violative of the Sherman Act and that a manufacturer or distributor is not required by law to deal with everyone who seeks to market his product. *United States v. Colgate & Co.*, 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992 (1919); *Weather–Wise Co. v. Aeroquip Corp.*, 468 F.2d 716 (5 Cir. 1972), *cert. denied*, 410 U.S. 990, 93 S.Ct. 1505, 36 L.Ed.2d 188 (1973); *Scranton Construction Co., Inc. v. Litton Industries Leasing Corp.*, 494 F.2d 778 (5 Cir. 1974) reh. denied, 496 F.2d 1407, cert. denied, 419 U.S. 1105, 95 S.Ct. 774, 42 L.Ed.2d 800 (1975); *Burdett Sound, Inc. v. Altec Corp.*, 515 F.2d 1245 (5 Cir. 1975); *Solomon v. Houston Corrugated Box Inc.*, 526 F.2d 389 (5 Cir. 1976); *Universal Brands, Inc. v. Philip Morris Inc.*, 546 F.2d 30 (5 Cir. 1977); *Dillon Materials Handling, Inc. v. Albion Industries*, 567 F.2d 1299 (5 Cir. 1978), and *Aviation Specialties, Inc. v. United Technologies Corp.*, 568 F.2d 1186 (5 Cir. 1978).

■ The affidavits filed by the defendants in support of their individual motions for summary judgment clearly state that the defendants' refusal to deal with the plaintiff were unilateral decisions based on various reasons other than a concerted conspiracy. Each of the defendants' reasons for refusing to deal with the plaintiff are set forth in the affidavits filed in the record of this case. In response to the motions filed herein, the plaintiff has filed an identical affidavit as to each defendant wherein the plaintiff infers that a conspiracy exists. The plaintiff has not set forth any specific allegations which would in any way support his contention that the defendants con-

spired together in a concerted effort to refuse to deal with the plaintiff. It is well settled that mere conclusionary allegations are insufficient to withstand a motion for summary judgment once general allegations have been rebutted. *Aviation Specialties, Inc. v. United Technologies Corp.*, supra; *Solomon v. Houston Corrugated Box Co.*, supra.

The Sherman Act requires the existence of a "contract, combination or conspiracy in restraint of trade." 15 U.S.C. § 1. An agreement of some type is necessary to recover damages. Therefore, independent refusals by one company to deal with another are not violative of the antitrust laws. *United States v. Colgate & Co.*, supra. Furthermore, a parallel refusal to deal by various parties is not sufficient. There must be a parallel refusal to deal plus additional facts alleged by the plaintiff which tend to show that the parties refusing to deal are acting interdependently. Because agreements are difficult matters to allege in pleadings, the Courts have allowed antitrust plaintiffs to show that parallel refusals to deal are interdependent. In so doing, the Courts have required the plaintiffs to set forth facts to support this so-called "plus". The parties in this case differ as to when these additional facts must be established in the record. The defendants uniformly argue that the "plus" must be factually alleged in the pleadings and that a defendant against whom the plaintiff has failed to set forth a factual predicate for the alleged conspiracy should be summarily dismissed.

Plaintiff contends that before the Court considers the pending motions for summary judgment, plaintiff should be allowed to engage in discovery in accordance with Rule 56(f) of the Federal Rules of Civil Procedure. Plaintiff freely admits that the lawsuit was filed with a limited factual and evidentiary base and contains many conclusionary allegations.

Therefore, the first question the Court must decide is whether or not the Court should allow plaintiff to engage in additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Rule 56(f) of the Federal Rules of Civil Procedure provides:

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

In order for the Court to properly decide this issue, it is necessary that the Court set forth the procedural history and background of this case. This suit was filed on March 2, 1978. In order to protect the plaintiff from a barrage of paper work from the numerous parties who have been named as defendants herein, the Court stayed all discovery proceedings on May 4, 1978 and set a status conference on June 8, 1978. Following that conference, the Court issued "Pre–Trial Order Number One" which continued the stay order on discovery pending further orders of the Court. The Court also ordered the plaintiff to amend his complaint to set forth specific and detailed allegations as to each defendant. The purpose of this order was to eliminate to the extent possible the necessity of each of the defendants propounding interrogatories to the plaintiff seeking this same information. The first amended complaint was filed on July 7, 1978. Shortly thereafter, the defendants began filing various motions. Because the Court was not satisfied with the first amended complaint filed by the plaintiff, the Court ordered the plaintiff to again amend his complaint to set forth specific and detailed allegations as to each defendant. The Court also set a status conference in the case for October 12, 1978. In anticipation of the October 12, 1978 status conference, the Court, on October 2, 1978, issued an order instructing the parties to be prepared to discuss, among other matters, "whether any discovery will be needed to file evidence in support of or in opposition to the pending motions". The plaintiff failed to notify the Court that he needed

any discovery in order to file an opposition to the defendants' pending motions. When the conference was held on October 12, 1978, no formal request for discovery was made by the plaintiff nor was there any request filed by the plaintiff for an extension of time in which to facilitate discovery. Thereafter, the defendants filed numerous motions. The plaintiff responded to these motions by filing an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. The defendants opposed plaintiff's Rule 56 request. The Court heard oral arguments on defendants' motions for summary judgment and also on plaintiff's request for leave to take discovery on April 27, 1979. At that hearing, the plaintiff requested additional time for discovery. On May 4, 1979 the plaintiff filed a supplemental Rule 56(f) affidavit requesting additional time for discovery. Again, the defendants filed oppositions to plaintiff's request. On July 6, 1979, the Court, on its own motion, ordered the plaintiff to specify the nature and type of discovery requested. The plaintiff filed a response to this order on August 6, 1979, which was again opposed by several of the defendants.

Counsel for plaintiff freely admits that this lawsuit was filed with a limited factual and evidentiary base and contains many conclusionary allegations. In fact, counsel for plaintiff freely admitted during the April 27, 1979 hearing that he had no evidence of any kind to show that a conspiracy existed among the defendants. Counsel for plaintiff also agreed that the affidavits filed by the defendants were uncontroverted. The transcript of the April 27, 1979 hearing reveals the following exchange:

"THE COURT: What evidence do you now have?

MR. KLEIN: I have no evidence.

THE COURT: Of conspiracy, other than what you think might have happened?

MR. KLEIN: No evidence. I remember that at the meeting,—I don't know—the October meeting or whenever it was when we met in the large courtroom, I told your Honor at this present time I have no evidence other than the fact

that we had uniform refusals to deal by the majority of the major manufacturers to a retailer who had acumen despite the fact that the affidavits say they weren't so sure that he was a good—that he knew how to handle the products and despite the fact that he had creditworthiness at the time, and despite all of these facts. And from that, we drew the conclusion and I think we must draw some conclusions. If we had not said this is a conspiracy, if we had not drawn the conclusion that this was a conspiracy, the motion to dismiss would be failure to state a claim." Tr., pp. 11–12.

During the same oral argument, the Court pointedly asked the following question and elicited the ensuing response:

"THE COURT: . . . Is there in the record significant probative evidence, as the Courts have used that term, to overcome the affidavits the the defendants have already filed? I'm talking about the defendant manufacturers now?

MR. KLEIN: I understand.

THE COURT: Is there enough in there where I can infer the existence of the conspiracy as compared to no conspiracy?

MR. KLEIN: Well, no, I think as the record presently stands, I think it is fair to say that we have said we have been refused to deal and we're suspicious that the refusal was not unilateral . . . So I think that as the present record stands, if your Honor does not allow me discovery on the areas which we have set forth in our affidavit which we talked about in the briefs, I don't know—I don't know that I could reverse you quite as easily. I'd have a tougher time." Tr., pp. 23–24.

At the April hearing, counsel for plaintiff also agreed that the affidavits filed by the defendants were uncontroverted. See Tr., pp. 39–40. Thus, the crucial determination the Court must now make is whether or not the Court should allow the plaintiff to engage in protracted discovery in an attempt

to find some evidence to use in opposition to defendants' motions. If discovery is not permitted by the Court, the plaintiff, by his own admission, has not set forth sufficient facts to rebut the factual allegations the defendants have filed in support of their motions for summary judgment.

The plaintiff has failed to take any affirmative steps to institute discovery or uncover any facts which might tend to show the existence of a conspiracy. At the outset of this litigation, the Court stayed discovery so that all parties could answer and file motions without the plaintiff being bombarded with multiple discovery requests. Although the stay order was never formally lifted, the Court issued an order on October 2, 1978 directing the parties to be prepared to discuss discovery needs at an upcoming status conference. The Court also ordered the parties to submit written requests for discussion of other matters that they deemed pertinent. Prior to, and at, the conference, the plaintiff made no mention whatsoever of his need for discovery, nor did the plaintiff request leave of Court to engage in any discovery of any kind. In fact, no action was taken by the plaintiff until the defendants filed a second wave of motions pursuant to discussions had at the October 12, 1978 conference and the Court's order setting November 30, 1978 as a deadline for filing motions. The plaintiff's initial Rule 56(f) affidavit was not filed until January 5, 1979, approximately five weeks after the motion deadline and almost three months following the status conference. The affidavit represents the plaintiff's first expression of his discovery concerns.

The Court recognizes that "discovery" was mentioned in both memoranda filed by the plaintiff in opposition to the defendants' motions. However, the mere mention of discovery in plaintiff's briefs failed to comply with the requirements of Rule 56(f) of the Federal Rules of Civil Procedure. Furthermore, in the first "general opposition," filed in August, 1978, the plaintiff did not even request that the stay order on discovery be lifted so that discovery could begin. Plaintiff was apparently content to

speak vaguely about information lurking within the defendants' knowledge. Plaintiff also failed to set forth with any particularity the specific facts he expected to elicit via discovery, as required by this rule.

As a general rule, courts are hesitant to grant a summary judgment on the merits in an antitrust case. This concept was succinctly set forth by the United States Supreme Court in *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) wherein the Court stated:

> "We believe that summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot ... Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of evenhanded justice." 368 U.S. at 473, 82 S.Ct. at 691.

Regardless of this reluctance to summarily dispose of antitrust cases, courts have been willing to grant judgments when the party resisting the motion relies solely on his pleadings and fails to offer any counter affidavits or other evidence that satisfactorily rebuts the moving party's demonstration that no violations have occurred. See Rule 56(e) Federal Rules of Civil Procedure; *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), reh. denied, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188; *Beal v. Lindsay*, 468 F.2d 287 (2 Cir. 1972); *Willmar Poultry Co. v. Morton–Norwich Products, Inc.*, 520 F.2d 289 (8 Cir. 1975), cert. denied, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976) and *SEC v. Spence & Green Chemical Co.*, 612 F.2d 896 (5 Cir. 1980).

Rule 56(f) of the Federal Rules of Civil Procedure sets forth the manner by which a party may seek additional time in which to obtain affidavits and other evidence to file an opposition to a summary judgment. The plaintiff in this case has filed a Rule 56(f) request. This Court has serious doubts that

the plaintiff has met the formal requirements of Rule 56(f) which requires that the plaintiff's affidavit set forth with sufficient particularity the controverting facts that he expected to adduce from the discovery which he sought and that those controverting facts would have created a genuine issue of fact sufficient to forestall the summary judgments which have been filed by the defendants. However, assuming arguendo that plaintiff's motion did meet the formal requirements of Rule 56(f) and that his 56(f) affidavits alleged with sufficient particularity the controverting facts that he expected to obtain from the discovery which he sought and that those controverting facts would have created a genuine issue of fact sufficient to forestall the summary judgment, the Court must determine whether or not in the exercise of discretion afforded to it plaintiff should be granted a continuance to obtain additional discovery in this case.

 It is clear that plaintiff has failed to diligently and timely engage in discovery to obtain the necessary information to oppose defendants' motions. A lack of diligence in obtaining the needed information to oppose a motion for summary judgment should not supply the basis for delay simply by relying on Rule 56(f) of the Federal Rules of Civil Procedure. This statement of law is succinctly paraphrased in two respected treatises on federal practice and procedure as follows:

> "The most common situation in which the rule will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56(f) but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of the motion for that purpose. The courts will not delay a case to allow discovery instituted earlier, especially when there is no reason to believe that it will lead to the denial of the motion." 10 C. Wright and A. Miller, Federal Practice and Procedure § 2740 at p. 726 (1973) (footnote omitted).

* * * * * *

"[T]he opposing party should present his affidavit showing that the knowledge or control of the facts is exclusively or largely with the moving party and described his attempts to obtain those facts. The mere averment of exclusive knowledge or control of the facts by the moving party is not adequate; the opposing party must show to the best of his ability what facts are within the movant's exclusive knowledge or control; what steps have been taken to obtain the desired information pursuant to the discovery procedures under the Rules; and that he is desirous of taking advantage of these discovery procedures." [6 J. Moore, Federal Practice § 56.24 at 2876 (2d ed. 1974) (footnote omitted).]

A careful review of the jurisprudence also reveals that an unreasonable delay in instituting discovery will not be further advanced by a Rule 56(f) continuance. Thus, in *Aviation Specialties, Inc. v. United Technologies Corp.*, supra, the Fifth Circuit Court of Appeals, in affirming the decision of a district court which had granted a summary judgment when the plaintiff failed to assert significant antitrust issues even after undergoing some discovery, stated:

> "Although summary judgment should be used cautiously in antitrust cases, *Poller v. CBS, Inc.* [cite omitted], the district court correctly granted defendant's motion in the case at bar. ASI has failed to produce any significant probative evidence tending to show the existence of an illegal conspiracy or of unlawful price discrimination in the sale of a commodity. The plaintiff may not drag its feet in initiating discovery, refuse to submit to discovery of important evidence, fail to come forward with basic facts in its possession, and then point to the confusion thus engendered as evidence of genuine issues of material fact requiring resolution at trial. As the Supreme Court observed in *First National Bank of Arizona v. Cities Service Co.* [cite omitted]:
>
>> 'While we recognize the importance of preserving litigants' rights to a trial on their claims, we are not prepared to

extend those rights to the point of requiring that anyone who files an antitrust complaint setting forth a valid cause of action be entitled to a full–dress trial notwithstanding the absence of any significant probative evidence tending to support the complaint.'"

568 F.2d at 1191.

The Fifth Circuit Court of Appeals has faced at least three situations similar to the present case and has, on all three occasions, granted motions for summary judgment when plaintiffs have delayed in beginning discovery or refused to take steps to obtain information necessary to rebut defendants' claims that no antitrust liability exists. See *Southern Rambler Sales, Inc. v. American Motors Corp.*, 375 F.2d 932 (5 Cir. 1967), *cert. denied*, 389 U.S. 832, 88 S.Ct. 105, 19 L.Ed.2d 92; *Village Harbor, Inc. v. United States*, 559 F.2d 247 (5 Cir. 1977) and *Save Our Cemeteries, Inc. v. Archdiocese of New Orleans Inc.*, 568 F.2d 1074 (5 Cir. 1978), reh. denied, 572 F.2d 320, *cert. denied*, 439 U.S. 836, 99 S.Ct. 120, 58 L.Ed.2d 133. Cf. *King v. National Industries, Inc.*, 512 F.2d 29 (6 Cir. 1975) and *Robin Construction Co. v. United States*, 345 F.2d 610 (3 Cir. 1965).

Plaintiff's chief concern is that he has not instituted any discovery whatsoever and that he is entitled to probe the motives and intent of the alleged conspirators as provided for in *Poller v. Columbia Broadcasting Systems, Inc.*, supra. This argument cannot prevail in light of the Court's earlier recitation as to the plaintiff's nonchalance in seeking discovery and his failure to assert specific facts to support his request for discovery. In *Mutual Fund Investors Inc. v. Putnam Management Co. Inc.*, 553 F.2d 620 (9 Cir. 1977), the Court said:

> "The often cited *Poller* case, however, has become a magic wand waved indiscriminately by those opposing summary judgment motions in antitrust actions. We note that the Court in *Poller* cautioned only that summary judgment 'be used sparingly . . .' *Poller*, supra, 368 U.S. at 473, 82 S.Ct. 486, and not that such relief is inappropriate in all antitrust cases.

The Court, in fact, has specifically held that an opposing party may not defeat a summary judgment motion, once the movant has met his burden, in the absence of 'any significant probative evidence tending to support the complaint.' *Cities Service*, supra, 391 U.S. at 290, 88 S.Ct. at 1593. We have cast this rule in the following terms:

> Once the allegations of conspiracy made in the complaint are rebutted by probative evidence supporting an alternative interpretation of a defendant's conduct, if the plaintiff then fails to come forward with specific factual support of its allegations of conspiracy, summary judgment for the defendant becomes proper. *ALW, Inc. v. United Airlines, Inc.*, 510 F.2d 52, 55 (9 Cir. 1975).

To hold otherwise would give free rein to any plaintiff who can draft an antitrust complaint capable of withstanding a motion to dismiss to go to trial with only a wing and a prayer supporting his well drafted complaint." 553 F.2d at 624.

In the present case, the plaintiff's original complaint was less than well drafted. In fact, the Court, on two occasions, had to order the complaint to be amended. The Court was also required to order the plaintiff to clarify his discovery request. The latter order was issued after lengthy oral argument on the pending motions.

The plaintiff, in both memoranda of opposition, relies heavily on the Supreme Court decision in *Klor's, Inc. v. Broadway–Hale Stores, Inc.*, 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959), which held summary judgment inappropriate wherein a large appliance dealer encouraged a group boycott by manufacturers and manufacturer's representatives. However, the Court finds that the *Klor's* case is not applicable under the facts of this case.

The crucial distinction between *Klor's* and the present case is that the defendants in *Klor's* did not deny the plaintiff's allegations. The defendants in *Klor's* merely submitted affidavits showing that there were "hundreds" of other competitors in the

area. In the instant case, the defendants have each denied, with substantiating reasons, the plaintiff's conspiracy contentions. The plaintiff has filed absolutely no evidence to rebut defendants' sworn allegations.

The intent of Rule 56(f) of the Federal Rules of Civil Procedure is not to open the discovery net to allow a fishing expedition. Instead, the rule is designed to enable a party to seek particular facts relevant to an already–established factual pattern of alleged antitrust activity. It is apparent, by the plaintiff's own admission, that the purpose of discovery in the present case would be to ascertain whatever information possible in order to set forth specific violations of the Act. However, plaintiff cannot state that he could obtain significant probative evidence during the discovery process which would be sufficient to oppose defendants' motions. It is clear that plaintiff has failed to set forth a factual predicate to justify Rule 56(f) discovery.

The granting or denial of a continuance pursuant to Rule 56(f) in order to proceed with discovery has been held to be within the discretion of the district court. See *United States v. 110 Bars of Silver*, 508 F.2d 799 (5 Cir. 1975), *cert. denied, sub nom. Resnick v. United States*, 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975) and *SEC v. Spence & Green Chemical Co.*, supra. In exercising the discretion afforded to this Court in denying plaintiff's Rule 56(f) request, the Court concludes that:

(1) the plaintiff has failed to make a timely request for discovery in that he has not, at any point in these proceedings, initiated any means of discovery or requested that the Court allow him to obtain any relevant information or significant probative evidence;

(2) despite two court orders and at least one extension of time, the plaintiff has failed to fully and properly amend his complaint so as to allege specific facts tending to show the existence of antitrust violations;

(3) a continuance pursuant to Rule 56(f) in order to allow discovery would be nothing more than an abuse of the purpose of the rule. Since the plaintiff has failed to set forth specific requests for discovery, despite an order to do so, the Court will not sanction a proverbial fishing expedition designed to grasp at whatever may be uncovered by such unfettered discovery practices.

The Court having now determined that plaintiff is not entitled to a continuance in order to engage in discovery proceedings pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the Court must now determine whether or not the defendants are entitled to have their motions for summary judgment granted. Since the plaintiff, at the hearing of this case, has clearly and unequivocally admitted that he has no significant probative evidence to overcome the affidavits which the defendants have filed in support of their motions for summary judgment and that the plaintiff has no evidence to support his allegations of conspiracy against the defendants herein, the Court finds that there are no material issues of fact in dispute and, therefore, defendants are entitled as a matter of fact and law to summary judgment herein.

The defendants in this case have also filed motions to dismiss based on the alleged lack of standing of the plaintiff Paul Kadair, Inc. to bring this suit. Since the Court has granted defendants' motions for summary judgment, it is not necessary for the Court to pass on this motion.

Therefore:

IT IS ORDERED that the motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Bozak, Inc.; McIntosh Laboratory, Inc.; Thorens Corporation of America; Elpa Distributing Company; Charles Lucas Sales Company and Kadair's, Inc. be and each is hereby treated as a motion for summary judgment;

IT IS FURTHER ORDERED that the motions for summary judgment filed by

Sony Corporation of America; Bang and Olufsen of America, Inc.; Crown International, Inc.; Kenwood Electronics, Inc.; Altec Corporation; Phase Linear Corporation; Bose Corporation; Plessey, Inc.; Superscope, Inc.; Marantz Company, Inc.; Dahlquist, Inc.; U.S. Pioneer Electronics Corporation; Yamaha International Corporation; Wyborny Sales Company; Al Moskau and Associates, Inc.; Rep–Tech, Inc.; Melco Sales, Inc.; Miller and Associates, Inc.; L. J. Paul and Associates, Inc.; Tobias and Company; Dobbs–Stanford of Texas Corporation; Art Colley's Audio Specialties, Inc.; Ogden Park Record Shop Company, Inc.; Bozak, Inc.; McIntosh Laboratory, Inc.; Thorens Corporation of America; Elpa Distributing Company; Charles Lucas Sales Company and Kadair's, Inc. be and each is hereby granted and plaintiff's suit is hereby dismissed with prejudice at his costs.

Judgment shall be entered accordingly.