## UNITED STATES FIDELITY & GUARANTY COMPANY

v.

## LIPSMEYER CONSTRUCTION COMPANY, INC., et al.

### Civ. A. 89–855–B.

United States District Court,
M.D. Louisiana.

Nov. 17, 1990.

---

Lloyd N. Shields, Paul J. McMahon, III, Simon, Peragine, Smith, and Redfearn, Jerry A. Beatmann, New Orleans, La., for plaintiff.

Richmond C. Odom, John R. Keogh, Keogh, Cox & Wilson, Ltd., Baton Rouge, La., for defendants.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

In August, 1988, the defendants, Lipsmeyer Construction Company, Inc. (Lipsmeyer Construction), Michael B. Lipsmeyer, and Debra V. Lipsmeyer, entered into a "Master Surety Agreement" with the plaintiff, United States Fidelity & Guaranty Company (USF & G) in connection with a construction project for the East Baton Rouge Sewerage Commission (EBRSC). Subsequently, Lipsmeyer Construction was awarded the project (Contract No. WW–88–06) and pursuant to the surety agreement, USF & G issued a "Performance and Payment Bond" which named Lipsmeyer Construction as the principal, EBRSC as the obligee, and designated USF & G as surety.

During the course of the project, delays and other problems arose which resulted in EBRSC exercising the termination provision of its contract with Lipsmeyer Construction. A subsequent investigation revealed that two material suppliers were not paid by Lipsmeyer Construction despite the fact that the funds for such had been distributed to the defendant by EBRSC. USF & G notified Lipsmeyer Construction of the unpaid material suppliers, Coburn Company (Coburn) and United States Pipe & Foundry Company (U.S. Pipe), to no avail. USF & G, as surety, paid Coburn $111,-

932.35 in full settlement of its lawsuit filed against Lipsmeyer Construction and USF & G. After Lipsmeyer acknowledged and verified U.S. Pipe's claim, USF & G paid $11,709.96 to U.S. Pipe.

Under the provisions of the performance bond, EBRSC required USF & G to fulfill its surety obligation to complete the project. Lipsmeyer was given notice of this request and of USF & G's investigation into the required cost of completing the project. An agreement was executed between USF & G and EBRSC whereby another construction firm was engaged to replace Lipsmeyer Construction and USF & G tendered the sum of $37,907.09 to EBRSC for the anticipated additional costs to complete the project.

Relying on the terms of the surety contract, USF & G filed this suit to recover its damages of $161,549.40 and $11,244.23 in legal fees. USF & G has now filed a motion for summary judgment against Lipsmeyer Construction, Michael Lipsmeyer, and Debra Lipsmeyer. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 and venue is proper under 28 U.S.C. § 1391(a).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. (Rule) 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. UpJohn Co.*, 780 F.2d 1190 (5th Cir.1986). The initial burden of proof is on the moving party. However, if the documentation supports the motion, the burden shifts to the nonmoving party. *Landry v. Air Line Pilots Assoc. Int'l. AFL–CIO*, 901 F.2d 404 (5th Cir.1990). To oppose the granting of sum-

mary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented, by both parties, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

USF & G relies primarily on the terms of the surety contract to support its motion for summary judgment. The "Master Surety Agreement" provides that Lipsmeyer Construction, Michael Lipsmeyer, and Debra Lipsmeyer agree to indemnify USF & G from and against all losses and expenses, including interest, court costs, and attorney's fees, sustained by USF & G because of the performance and payment bond. Further, the agreement provides that the liability of Lipsmeyer Construction, Michael Lipsmeyer, and Debra Lipsmeyer extends to all "good faith" payments by the surety, USF & G, when (1) the surety's liability existed or could exist; or, (2) the payments were necessary to either protect the surety's rights or to avoid or reduce the surety's liability. The contract stipulates that a voucher or other evidence of payment made or an itemized, sworn statement by an officer of the surety is prima facia evidence of the existence and extent of the liability to USF & G.[1]

In support of its motion, USF & G has provided the Court with sufficient evidence to show that it complied with the terms of the surety contract when it paid the outstanding amounts due to the material suppliers and tendered to EBRSC payment of the excess cost for the new contractor to complete the project. Included in the evidence submitted in connection with the motion for summary judgment were the pay-

---

1. USF & G propounded a "Request for Admission" on Lipsmeyer Construction, Michael Lipsmeyer, and Debra Lipsmeyer concerning the authenticity of the "Master Surety Contract," the surety bond, the tender agreement, and the no-

tices given to the contractor. The defendants failed to answer the request. Therefore, pursuant to Rule 36, failure to respond deems each matter admitted.

ment vouchers as prima facia evidence of the liabilities incurred pursuant to the terms of the contract and evidence showing that sufficient notice was given to the defendants prior to payment of the liabilities.

In opposition to the motion for summary judgment, the defendants argue that they were not given sufficient time in which to engage in discovery with respect to the plaintiff's claims. The defendants assert that they intend to institute discovery concerning "issues which are salient to its defense." [2]

The Fifth Circuit recently addressed the relationship between discovery by the non-moving party and summary judgment in *Washington v. Allstate Insurance Co.*, 901 F.2d 1281 (5th Cir.1990). In that case, the appellant argued that the district court summary judgment was premature because he was not allowed a "reasonable opportunity" to engage in discovery to respond to the motion. The Fifth Circuit disagreed, affirming the district court. The court stated that no discovery is required "before summary judgment may be granted; if a party cannot adequately defend such a motion, Rule 56(f) is his remedy." *Id.* at 1285. Rule 56(f) provides:

> Should it appear from the affidavits of the party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The court noted however that "discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed ... to withstand a motion for summary judgment." *Washington*, 901 F.2d at 1285; *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029–30 (5th Cir.1983), *aff'g* 88 F.R.D. 280

(M.D.La.1980). Rule 56(f) is a designed for limited use as a procedural safeguard to prevent a "premature or improvident grant of summary judgment." *Washington*, 901 F.2d at 1285 (citing 10A Wright, Miller, and Kane, *Federal Practice and Procedure* § 2740 (1983)).

■ The Fifth Circuit stated that to be under Rule 56(f) the non-moving party is required to (1) present specific facts why he was unable to respond substantively in opposition to the motion; and, (2) specifically demonstrate how not granting the summary judgment or granting additional time for discovery will rebut the moving party's evidence that there is no genuine issue of material fact. *Id.; see also S.E.C. v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir.1980), *cert. denied*, 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981). Vague assertions by the non-moving party that discovery will uncover unspecified facts are not enough to trigger Rule 56(f) protection. *Washington*, 901 F.2d at 1285; *see also Gossett v. Du–Ra–Kel Corp.*, 569 F.2d 869, 873 (5th Cir.1978).

■ This Court has also addressed the proper application of Rule 56(f) in *Paul Kadair, Inc. v. Sony Corp. of America*, 88 F.R.D. 280 (E.D.La.1980), *aff'd*, 694 F.2d 1017 (5th Cir.1983) (Fifth Circuit opinion cited in *Washington, supra*). The Court stated that "[t]he intent of Rule 56(f) of the Federal Rules of Civil Procedure is not to open the discovery net to allow a fishing expedition." *Kadair*, 88 F.R.D. at 289. Further, whether the facts presented justify a continuance under Rule 56(f) to allow discovery is entirely within the discretion of the district court. *Id.; Kadair*, 694 F.2d at 1029.

■ In the matter before this Court, the defendants did not specifically ask for a continuance in order to engage in discovery. However, the Court assumes this is the gist of their opposition. Even if the Court makes this assumption, the defendants failed to make any specific, factual

---

**2.** Defendant's Memorandum in Opposition to Motion for Summary Judgment, CA 89–855–B, June 20, 1990, at 2.

assertions to support their need for discovery under Rule 56(f).[3] The defendants have also failed to set forth what discovery will be conducted and how this discovery will create an issue of fact in dispute. The defendants only allege that USF & G was aware of a dispute between Lipsmeyer Construction and EBRSC concerning the funds distributed for payment to the material suppliers, but they did not explain or set forth the specific need for discovery in connection with this allegation.

Based upon the record and evidence before it, the Court finds that the defendants have failed to satisfy the requirements of Rule 56(f) as set forth by the Fifth Circuit in *Washington, supra.* The defendant have not set forth the nature of the discovery requested and how it will be used to defeat the summary judgment. The defendants have also failed to specifically demonstrate how not granting the summary judgment or granting additional time for discovery will rebut the moving party's evidence that there is no genuine issue of material fact. Finally, it is apparent from a review of the record and the admissions made by the defendants that the purpose of the discovery can only be to engage in a "fishing expedition." The facts clearly demonstrate to the Court that the defendants have failed to set forth the factual predicate to justify relief under Rule 56(f).

■ Having determined that the defendants are not entitled to engage in discovery pursuant to Rule 56(f), the Court must address whether summary judgment is proper in this action. The plaintiff has submitted sufficient evidence to satisfy its motion for summary judgment. The burden then shifts to the defendants to establish the existence of a genuine issue of material fact under Rule 56(e). The only issue alleged by the defendants is that USF & G had knowledge that EBRSC failed to provide Lipsmeyer Construction with sufficient funds to pay the suppliers and the cost of delays, which the defendants allege to have been created by EBRSC.

The Court finds that the affidavits and evidence presented do not support the defendants' contention that a material issue is in dispute. This action revolves around the surety contract and its terms. A suretyship contract is a nominate contract under Louisiana obligations law. Article 3040 of the Louisiana Civil Code provides that the contract "may be qualified, conditioned, or limited in any lawful manner."[4] The surety agreement provided the terms and conditions for payments by the surety to the creditor, EBRSC, which are valid under Article 3040. Further, the suretyship laws themselves provide that a surety is entitled to reimbursement from the principal obligor for good faith payments made to the creditor provided the surety took reasonable measures to notify the principal obligor that the payment was insisted upon by the creditor. La.Civ.Code art. 3050. There is no requirement that a suit be filed before payment is made under the revised suretyship laws. The evidence presented by USF & G shows it complied with the terms of the surety contract. USF & G gave Lipsmeyer Construction notice of all the claims associated with the construction project and the settlements with EBRSC and Coburn. The defendants have not put forth sufficient evidence to demonstrate that USF & G failed to comply with the terms of the surety contract or its rights under the suretyship laws. Consequently, the Court finds that there is simply no evidence presented from which this Court or a reasonable jury could find a material issue of fact in dispute. Thus, USF & G is

**3.** Rule 56(c) provides that the non-moving party shall be served at least 10 days prior to the hearing. The defendants were served with the original complaint in November, 1989. Notice of the motion for summary judgment was mailed on June 11, 1990. The defendants filed their opposition to summary judgment on June 20, 1990. At no time have the defendants sought discovery with respect to the plaintiff's motion.

**4.** The Louisiana Civil Code articles on suretyship, La.Civ.Code arts. 3038–3070, were revised by 1987 La.Acts No. 409, § 1, effective January 1, 1988. The Master Surety Agreement between USF & G and the defendants was executed in August, 1988; therefore, the revised suretyship articles are the applicable law in this matter.

entitled to summary judgment as a matter of fact and law.

Therefore, USF & G is entitled to recover from the defendants, Lipsmeyer Construction, Michael Lipsmeyer, and Debra Lipsmeyer, *in solido:* (1) the principal damages due under the terms of the surety contract of $161,549.40, plus legal interest until paid; and, (2) any reasonable legal fees provided by the surety contract to be approved by this Court based upon time sheets or other appropriate records or documentation.

Therefore:

IT IS ORDERED that the motion for summary judgment filed by the plaintiff, United States Fidelity & Guaranty Company, be and it is hereby GRANTED.

IT IS FURTHER ORDERED that judgment shall be entered against the defendants, Lipsmeyer Construction Company, Inc., Michael B. Lipsmeyer, and Debra V. Lipsmeyer in accordance with this opinion.

The plaintiff shall have fifteen days to submit an appropriate judgment which shall be approved as to form by the defendants. The judgment shall leave a blank space for attorney's fees unless the parties stipulate to the amount of the attorney's fees. If the parties do not stipulate to the attorney's fees, plaintiff shall submit evidence to support its fee within fifteen days. The defendants shall have ten days thereafter to file an objection to the fee.