553 So.2d 213 (1989)
WINN-DIXIE STORES, INC., Appellant,
v.
Ramona F. MARCOTTE, Appellee.
No. 89-170.
District Court of Appeal of Florida, Fifth District.
November 2, 1989.
Rehearing Denied December 6, 1989.
James A. Young and Debra Kubicsek of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Tampa, for appellant.
*214 Marjorie E. Smith and Robert M. Moletteire of Reinman, Harrell, Silberhorn & Graham, P.A., Melbourne, for appellee.
COWART, Judge.
This case involves: torts  negligence  premises liability  duty to learn of dangerous premises conditions not created by the possessor or its agents  evidence of length of time the dangerous condition existed prior to the injury as compared to length of time between reasonable inspections.
A customer sued a supermarket because the customer slipped and fell on a slippery substance on the floor of the supermarket. Before and during trial, the customer produced no evidence that the supermarket's agents or employees caused the slippery substance to be on the supermarket floor or that they otherwise had actual knowledge of its existence before the accident. Neither did the customer produce evidence as to how or when the substance got on the floor or the length of time it was there before the accident.
The trial court denied the supermarket's motion for directed verdict, denied certain jury instructions requested by the supermarket, and, when the jury returned a verdict in favor of the customer, denied the supermarket's motion for a new trial. The supermarket appeals. We reverse.
An entity in the actual possession and control of a premises, such as a supermarket, to which members of the public are invited, is not an insurer of the safety of such persons,[1] nor is the possessor strictly liable, or liable per se without fault, for injuries resulting to invitees from dangerous conditions on the premises; nevertheless, such a possessor basically has two legal duties to protect invitees from the harmful effects of dangerous premises conditions. First, such a premises possessor has a legal duty to ascertain that the premises are reasonably safe for invitees. This duty equates into a legal duty to use reasonable care to learn of (i.e., to acquire actual knowledge as to) the existence of any dangerous conditions on the premises.[2] Secondly, the premises possessor has a second, entirely different, legal duty to use reasonable care to protect invitees from dangerous conditions of which the possessor has actual knowledge.[3] This second duty is usually breached when the possessor fails to take reasonable care (a) to eliminate the known danger, (b) to protect invitees from the known danger by excluding them from the area of danger, (by fences, gates, walls, door, barricades, etc.), or by providing protective devices (safety glasses, ear muffs, breathing devices, hard hats, guardrails, covers on machinery, etc.), (c) to provide warnings as to the danger, or (d) to take some combination of these protective actions.
As to the premises possessor's first duty to use reasonable care to learn of the existence of dangerous conditions, a special situation exists when the circumstances are such that a reasonable and prudent person inviting members of the public to a premises would reasonably foresee that some such invitees (or third parties) might, from time to time, create dangerous conditions on the premises. In such situations, the premises possessor's legal duty is to use reasonable care to timely discover the existence of such dangerous conditions.[4] This legal duty is commonly conceptualized on the basis of "constructive notice" but that description is often misleading in this context. It is a distortion of sound negligence *215 theory and a mischievous oversimplification to merely say that a premises possessor has "constructive notice" of dangerous conditions not created by the possessor or his agents and not actually known by them. Such oversimplification of the legal concept of "constructive notice" to a premises possessor can result in imposing strict liability on the possessor for all injuries resulting from every dangerous condition existing on every square foot of occupied premises at every moment of time. Rather, the legal liability of a premises possessor for injuries resulting from dangers not actually known by the possessor prior to the injury is based on a breach of the legal duty to use reasonable care to look for, and to discover, reasonably foreseeable but not actually known dangerous conditions.[5] This is a hypothetical "reasonable man" standard as to a duty of care. This duty of a premises possessor to look for unknown dangerous conditions not created by the possessor or his agents is breached by the possessor not making a reasonably diligent search or inspection at reasonable intervals of time. Exactly how thorough and how frequent inspections would be made by a theoretical reasonable and prudent premises possessor would depend on the experience of persons similarly situated relating to many factors, including the type of premises and business or activity being conducted thereon, the type of potential dangers that are reasonably foreseeable, the type of invitees, the ways potential dangers could be created, the degree of the danger involved, etc. The trial of any such premises liability action involves (1) evidence from which the trier of fact can conceptualize a standard of conduct in the form of the action of a "reasonable man" possessor of similar premises, and (2) evidence as to the defendant's actual actions relating to the extent and frequency of inspections actually made, and (3) a comparison of the actual against the theoretical standard of conduct. If a reasonable inspection would have revealed the dangerous condition in question, and if the dangerous condition existed prior to the injury a length of time in excess of the time between reasonably spaced inspections, then the trier of fact should find that the possessor neglected his duty and is liable for any injury legally caused by that neglect. On the other hand, if the injured invitee fails to prove these matters, and specifically fails to prove that the dangerous condition existed a length of time prior to the injury in excess of a reasonable period between inspections, the possessor should not be held liable for injury caused by that dangerous condition. In such a case, the length of time the dangerous condition existed prior to the injury is an indispensable factor in determining liability[6] and in such a case the pleadings, evidence, argument of counsel, and jury instructions should focus on these issues as well as any other relevant issues, such as damages, etc.
Where, as here, there is no evidence the premises possessor had actual knowledge of the dangerous condition prior to the injury, and there is no evidence[7] as to the length of time the dangerous condition existed prior to the injury, the premises possessor is entitled to a judgment as a matter of law and a jury is not authorized to speculate or arbitrarily impose strict liability based on the mere contention or general assertion that the premises possessor "should have known of" the dangerous condition.
The plaintiff having failed to adduce competent, substantial evidence as to an issue essential to the defendant's liability, the judgment in favor of the plaintiff is
REVERSED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] See, Night Racing Ass'n v. Green, 71 So.2d 500, 503 (Fla. 1954); Clyde Bar, Inc. v. McClamma, 152 Fla. 118, 10 So.2d 916 (1942); Moulden v. Jefferson Standard Life Ins. Co., 147 Fla. 36, 2 So.2d 302 (1941); Sparks v. Ober, 192 So.2d 81 (Fla. 3d DCA 1966).
[2] See, Springer v. Morris, 74 So.2d 781, 785 (Fla. 1954); Hall v. Holland, 47 So.2d 889 (Fla. 1950).
[3] See, Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309, 1311 (Fla. 1986); Burdine's v. McConnell, 146 Fla. 512, 1 So.2d 462 (1941). See also Restatement (Second) of Torts § 343A (1965).
[4] Of course, when the performance of this duty results in the acquisition of actual knowledge of a dangerous condition, such knowledge activates the possessor's secondary duty to take action to protect invitees from the known dangerous condition.
[5] See, Springer, supra.
[6] See Haynes v. Lloyd, 533 So.2d 944 (Fla. 5th DCA 1988) and the cases in n. 2 thereto, Broz v. Winn-Dixie Stores, Inc., 546 So.2d 83 (Fla. 3d DCA 1989), and the cases cited therein.
[7] Of course, evidence as to this issue can be circumstantial, but see, Broz v. Winn-Dixie Stores, Inc., supra.