569 So.2d 771 (1990)
William J. CAIN, Jr., D/B/a Wingate Shell, Appellant,
v.
Oscar BROWN and Sharon BROWN, His Wife, Appellees.
No. 88-2996.
District Court of Appeal of Florida, Fourth District.
September 26, 1990.
On Motion for Rehearing December 5, 1990.
Claudia B. Greenberg of DeMahy & Greenberg, P.A. (withdrawn as counsel after filing brief), and Kenneth R. Drake of Touby, Smith, DeMahy & Drake, P.A., Miami, for appellant.
Edward A. Perse and Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, and Law Offices of Jerold B. Hart, North Miami Beach, for appellees.
POLEN, Judge.
This appeal is taken from a jury verdict and judgment in favor of the plaintiff in a slip and fall case. Appellant was the owner/operator of a service station which included full-service lanes. Appellee pulled his automobile into such a full-service lane, and exited the car to purchase some soda and pay for the gasoline. While returning to his car he slipped on a greasy substance on the ground in the service island area between the pumps and his car and fell, injuring himself. At issue is whether appellant *772 was on constructive notice of the alleged dangerous condition, and whether appellees' case was based on the impermissible pyramiding of inference upon inference. We affirm the judgment of the trial court in favor of appellees.
Appellant has cited as supplemental authority on the issue of constructive notice the fifth district's opinion in Winn Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989). Judge Cowart, writing for the fifth district, has provided a scholarly analysis as to how constructive notice comes into play in a premises liability case. We agree that the burden on such a landowner that, with the exercise of reasonable care, he should have known of the existence of such a dangerous condition so that he could take protective measures for the benefit of his business invitees, is not equated to strict liability. There, as here, it is not suggested that the landowner or his employees were responsible for the slippery substance being on the ground. The question is rather one of foreseeability. In a supermarket, it is clearly foreseeable that customers will open packages, drop produce and grocery items on the floor, such that a duty is imposed on the premises owner to inspect the grounds on a reasonable interval, so that such dangerous substances on the floor may be detected and cleaned up prior to a business invitee being injured thereby. As the Marcotte court correctly pointed out, it is plaintiff's burden to put evidence before the jury from which the jury might find a breach of such duty. Given the scant facts set forth in the Marcotte opinion, we must be satisfied with Judge Cowart's observation, concerning the plaintiff's burden to establish constructive notice, "neither did the customer produce evidence as to how or when the substance got on the floor or the length of time it was there before the accident." Id. at 214.
That is not the situation in the case now before us. Here the appellee elicited testimony that Wingate Shell had in place procedures for inspecting areas around the islands at regular intervals in connection with cars exiting the service area before the next car pulls in. Admittedly, there is little if any testimony as to whether the established procedures were in fact being followed that night. However, appellee clearly testified that as he approached the full-service lane, he did not see any car in the lane nor did he observe any cars exiting the lane immediately before his approach. Neither did he see any of appellant's employees in the lane, such as would evidence compliance with appellant's stated maintenance procedures. This is sufficient, in our view, to make it a jury question as to whether it would have been reasonable for appellant's employees, in light of their allegedly established procedure, to have been in the island area examining for foreign substances left on the ground by the prior customer before appellee's vehicle entered the full-service lane. The jury obviously found that appellant breached its duty in this regard. We do not perceive this to be a pyramiding of inference upon inference, but rather one of a single permissible inference which the jury could properly draw from the evidence: that the greasy substance on the ground, regardless of the exact nature and source of the substance, was there for a sufficient length of time so as to put the owner on constructive notice so that he might take remedial action to have prevented appellee's accident.
The jury having found in appellee's favor as to this fact question, we find no error in the trial court's denial of appellant's motion for directed verdict, nor in the subsequent denial of appellant's post-trial motions. The verdict and judgment entered below are accordingly affirmed.
GUNTHER and STONE, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant, William J. Cain, Jr., d/b/a Wingate Shell, has moved for rehearing. We grant the motion only to the following extent. Our opinion dated September 26, 1990, is modified to the extent that we recognize this was a non-jury trial and therefore correct the inadvertent reference *773 in the first sentence to a jury verdict. Accordingly, the first sentence of our opinion should read:
This appeal follows a bench trial and judgment in favor of the plaintiff rendered by the trial court in a slip and fall case.
In all other respects the opinion remains as previously written, and the balance of appellant's motion for rehearing is denied.
GUNTHER, STONE and POLEN, JJ., concur.