572 So.2d 953 (1990)
James OWENS, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Etc., Appellee.
No. 89-1997.
District Court of Appeal of Florida, Fifth District.
December 13, 1990.
Rehearing Denied January 11, 1991.
*954 Mary M. McDaniel of Minkoff and McDaniel, P.A., Tavares and Leon G. Jacobs and Jackson O. Brownlee of Brownlee and Jacobs, P.A., Orlando, for appellant.
John D. Kiernan of Harris, Barrett, Mann & Dew, St. Petersburg, for appellee.
GOSHORN, Judge.
James Owens appeals a directed verdict in favor of the Department of Highway Safety and Motor Vehicles. Owens was injured when a car driven by a state trooper ran over him. Because there was evidence, albeit exceedingly slim, from which the jury could find negligence on the part of the trooper, and because the doctrine of sovereign immunity does not bar Owens' suit, we reverse and remand for further proceedings.
At trial, Owens testified that on the night of July 2, 1987, he and Ken Morse were travelling from Tampa to Ocala on I-75. Morse was driving since Owens' driver's license had been permanently revoked for DUI. Owens admitted that he and Morse consumed beer and several drinks during the day. Owens asked Morse to pull off to the side of I-75 so he could relieve himself. Morse pulled the van over to the shoulder of the highway. According to Owens, when he opened the van door the webbing strap he was holding onto broke and he fell face forward into the grass. Owens said he was in a crouched position, in the process of standing up, when he saw the blinding lights of a car. He then blacked out and was run over. As a result of the accident, Owens suffered three fractured ribs and severe burns from the car's exhaust system.
Trooper Johnson, who hit Owens, stated that he has 23 1/2 years' experience as a trooper. At about 11:38 on the night of the accident he observed a white van pulled onto the shoulder of I-75 without its lights on. Trooper Johnson activated his take down and alley lights and proceeded to pull his Mustang onto the road's shoulder. He looked to the right and left sides of the van, observing no activity, but did observe that the passenger's door on the right side of the van was open. The van was partly sitting on the paved shoulder of the highway and partly in the grass. Trooper Johnson proceeded around the van on the right side to see if anyone was in the van. Trooper Johnson stated that he was "barely moving" as he brought the Mustang around. About the same moment he observed Morse asleep in the driver's seat, he felt a "bump." Trooper Johnson stated that he felt like he had hit someone and stopped the car. He checked Owens, who smelled strongly of alcohol, as did Morse. Trooper Johnson stated that the grass at the site was approximately two feet high and he did not see Owens prior to striking him.
Trooper Succi, who compiled a report on the accident, testified that when he arrived on the scene Owens was incoherent, smelling strongly of alcohol, while Morse was passed out during the entire episode. The grass was about two feet high. According to Trooper Succi, Trooper Johnson was proceeding at a speed of between 2 and 5 MPH when he struck Owens and Owens was lying on the ground when the car ran over him. Trooper Succi determined Owens' prone position by reviewing Trooper Johnson's statement, Owens' injuries, and the lack of damage to the Mustang.
The trial court directed a verdict for appellee based on Owens' failure to establish that Trooper Johnson acted negligently and by application of the doctrine of sovereign immunity.
When considering a directed verdict a court must evaluate the evidence in the *955 light most favorable to the plaintiff and resolve any reasonable doubts in the plaintiff's favor. Furthermore, if "any reasonable interpretation of the evidence supports the plaintiff's claim," the court must deny the motion. This rule is particularly important in Florida, because the doctrine of comparative negligence applies. Reinhart v. Seaboard Coast Line, 422 So.2d 41, 44 (Fla. 2d DCA 1982), review denied, 431 So.2d 989 (Fla. 1983). As this court stated in Gardella v. Stone, 507 So.2d 1228 (Fla. 5th DCA 1987), whenever there is some evidence in the record from which a jury could find negligence on the part of a defendant, a directed verdict should not be granted. And too, it is not within the province of the trial court to either weigh evidence or assess the credibility of witnesses when reviewing a motion for directed verdict. Indeed, "where there is the possibility of different conclusions or inferences from the evidence, the judge should submit the issue to the jury." Ranger v. Avis Rent-A-Car System, Inc., 336 So.2d 467, 468 (Fla. 3d DCA 1976).
Looking to the case at hand, the evidence is conflicting as to whether Owens was lying prone in the grass or was in a crouching position attempting to stand when struck by Trooper Johnson. Under the parameters for granting a directed verdict, the conclusion most favorable to Owens must be accepted, i.e., that he was crouching in an attempt to stand. The credibility of Owens' testimony is for the trier of fact to gauge, not the trial court, Ranger v. Avis, supra, as is the question whether Trooper Johnson exercised reasonable care. See Miller v. Department of Highway Safety, 548 So.2d 880 (Fla. 5th DCA 1989), holding that the question of negligence is an issue of fact for a jury's resolution.
As an additional ground for directing the verdict, the trial court ruled that Owens' suit was barred by sovereign immunity. However, the supreme court has ruled that the act of a police officer in stopping a motorist is an "operational" function not entitled to governmental immunity. Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989). Likewise, in State, Department of Highway Safety v. Kropff, 491 So.2d 1252 (Fla. 3d DCA 1986), the securing of an accident scene by a trooper was deemed operational in nature and thus not subject to governmental immunity. Accordingly, Trooper Johnson's investigation of the van was also operational in nature and not subject to governmental immunity.
REVERSED and REMANDED.
W. SHARP and PETERSON, JJ., concur.