592 So.2d 705 (1991)
WAL-MART STORES, INC., Appellant,
v.
Georgia A. KING, Appellee.
No. 91-425.
District Court of Appeal of Florida, Fifth District.
December 19, 1991.
Rehearing Denied February 3, 1992.
Joe Eubank, Eubank, Green, Hassell, Miles & Lewis, and Robert K. Rouse, Jr., of Smith, Schoder, Rouse & Bouck, P.A., Daytona Beach, for appellant.
Chobee Ebbets, Rosier, Ebbets, Armstrong & Morello, Daytona Beach, for appellee.
W. SHARP, Judge.
Wal-Mart Stores, Inc. appeals a final judgment awarding Georgia King $846,000 in damages in a slip-and-fall case. On appeal, Wal-Mart contends that the trial court should have directed a verdict in its *706 favor because Ms. King failed to adduce evidence from which the jury could have reasonably determined that Wal-Mart was negligent. We agree and accordingly reverse the judgment below.[1]
At around 6:00 p.m. on a Saturday in June 1986, Ms. King slipped and fell in the sporting goods area of a Wal-Mart store. Ms. King later filed suit against Wal-Mart for negligence in failing to maintain the premises in a reasonably safe condition and in failing to warn her of the danger. At trial, various witnesses described the area where Ms. King fell as being splattered with a slippery or oily-type substance. The substance was clear and had a viscous or lubricative quality to it. The substance apparently could not be detected by ordinary observation. Wal-Mart had a safety sweep program which required that the floor be swept several times during the day. According to the Wal-Mart manager, the last time the floor would have been swept for safety purposes was about one and one-half hours before Ms. King fell. The area where Ms. King fell was near the automotive department where slick spots from substances such as Armour-All or STP had been found in the past.
At the conclusion of Ms. King's case and at the conclusion of all the evidence, Wal-Mart moved for a directed verdict. The judge took the motions under advisement and submitted the case to the jury. The jury found that there was negligence on the part of Wal-Mart which was the legal cause of damage to Ms. King and awarded her a total of $846,400 in damages. Ms. King moved for the entry of judgment in accordance with the verdict and Wal-Mart moved for judgment in accordance with its prior motions for a directed verdict. In its order disposing of these motions, the court concluded that the issue in this case was whether there was sufficient evidence of negligence to go to the jury. The court noted that most of the facts in this case were undisputed:
It was agreed at trial that the plaintiff slipped and fell in an aisle of the defendant's store. No one knew how long the floor had been slick in the area where the fall occurred. Each witness who described the area used terms such as clear, oily, viscous, but not watery or wet. Unlike the typical grocery store fall, the slippery substance did not display any obvious signs of age, such as skid marks, smudges, dirt or the like.
The trial judge concluded that reasonable judges could differ as to whether the case should have been submitted to the jury. The judge entered judgment in accordance with the jury verdict.
We find that the present case is virtually indistinguishable from Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989). In Marcotte, a customer sued a supermarket after she slipped and fell on a slippery substance on the floor of the supermarket. The customer produced no evidence that the supermarket's agents or employees caused the slippery substance to be on the floor or that they otherwise had actual knowledge of its existence before the accident. Neither did the customer produce evidence as to how or when the substance got onto the floor or the length of time it was there before the accident. The trial court denied the supermarket's motion for directed verdict and the jury returned a verdict in favor of the customer.
On appeal, this court noted that a landowner basically has two legal duties to protect invitees from the harmful effects of dangerous conditions on the premises. First, a landowner has a legal duty to ascertain that the premises are reasonably safe for invitees. This duty equates into a legal duty to use reasonable care to learn of the existence of any dangerous conditions on the premises. Second, the landowner has a legal duty to use reasonable care to protect invitees from dangerous conditions of which the landowner has actual knowledge. This duty is usually breached when the landowner fails to take reasonable care to eliminate a known danger, to *707 protect invitees from the known danger by excluding them from the area of danger, failing to provide warnings as to the danger, or to take some combination of these actions.
As to the landowner's first duty to use reasonable care to learn of the existence of dangerous conditions, a special situation exists when the circumstances are such that a reasonable and prudent person inviting members of the public to the premises would reasonably foresee that some invitees or third parties might create dangerous conditions on the premises. In such situations, the landowner's legal duty is to use reasonable care to timely discover the existence of such dangerous conditions. This legal duty, commonly referred to as "constructive notice," is breached by the possessor not making a reasonably diligent search or inspection at reasonable intervals of time. The trial of any such premises liability action necessarily involves (1) evidence from which the trier of fact can conceptualize a standard of conduct in the form of the action of a `reasonable man' possessor of similar premises, and (2) evidence as to the defendant's actual actions relating to the extent and frequency of inspections actually made, and (3) a comparison of the actual against the theoretical standard of conduct. If a reasonable inspection would have revealed the dangerous condition in question, and if the dangerous condition existed prior to the injury a length of time in excess of the time between reasonably spaced inspections, then the trier of fact may find that the possessor neglected his duty and is liable for any injury legally caused by that neglect. On the other hand, if the injured invitee fails to prove these matters, and specifically fails to prove that the dangerous condition existed a length of time prior to the injury in excess of a reasonable period between inspections, the possessor should not be held liable for injury caused by that dangerous condition. In such a case, the length of time the dangerous condition existed prior to the injury is an indispensable factor in determining liability. 553 So.2d at 215.
In Marcotte, there was no evidence that the supermarket had actual knowledge of the dangerous condition prior to the injury and there was no evidence, direct or circumstantial, as to the length of time the dangerous condition existed prior to the injury. Thus, we concluded that the supermarket was entitled to a judgment as a matter of law and the jury was not authorized to speculate or arbitrarily impose strict liability based on the mere contention that the supermarket should have known of the dangerous condition. Since Marcotte failed to adduce competent, substantial evidence on an issue essential to the supermarket's liability, the judgment in favor of Marcotte was reversed.
In the present case, there was no evidence that Wal-Mart had actual knowledge of the slippery substance. There was also no evidence of the exact nature of the substance and how it got onto the floor. It could be argued that the evidence that a safety sweep had been done about an hour and a half before Ms. King fell would support an inference that the slick spot was on the floor for sufficient time to put Wal-Mart on notice of its existence. However, the courts have held the fact there was no inspection for a given length of time in itself provides no proof that the defect was actually there for a sufficient period to place a landowner on reasonable notice of its existence. Smith v. Winn Dixie Stores, Inc., 528 So.2d 987 (Fla. 3d DCA 1988); McCanick v. W.J.A. Realty Limited Partnership, 516 So.2d 1129, 1130 n. 1 (Fla. 3d DCA 1987). In addition, as the trial judge noted, there was no evidence of signs of age, such as skid marks, smudges, or the like. Thus, under Marcotte, Wal-Mart is entitled to a judgment as a matter of law.
Judgment reversed and cause remanded for entry of judgment in favor of Wal-Mart.
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] Wal-Mart also argues that the jury improperly reduced the award of future damages to their present value and that the trial court improperly awarded prejudgment interest. We agree but our decision on Wal-Mart's first issue renders further discussion of these points unnecessary.