618 So.2d 360 (1993)
Tamika ROBERSON, et al., Appellants,
v.
DUVAL COUNTY SCHOOL BOARD, Appellee.
No. 91-3509.
District Court of Appeal of Florida, First District.
May 17, 1993.
*361 Clive N. Morgan, Jacksonville, for appellants.
John A. Delaney, Gen. Counsel, David C. Carter, Deputy Gen. Counsel, Jacksonville, for appellee.
MINER, Judge.
Tamika Roberson and her parents seek review of the trial court's orders below granting a directed verdict for the school board and excluding certain testimony at trial. Because we conclude that the evidence presented, when taken in the light most favorable to appellant, was sufficient to make out a jury question on the issue of the school board's negligence, we reverse and remand for a new trial.
Tamika Roberson, a seventh grader at John Gorrie Junior High School in Jacksonville, suffered a broken jaw when she was struck in the face by a classmate while returning to her classroom after eating lunch at the school cafeteria. She and her parents filed suit against the school board alleging negligence for failure of Ms. Bauer, Tamika's homeroom teacher, to adequately supervise the students in her care.
At trial, Tamika testified that, after lunch, a group of students led by Ms. Bauer were walking back to their classroom when, while ascending some stairs, Jerry Dupree, a classmate walking behind her, tried to grab her foot and trip her. Tamika testified that she told him in a voice loud enough for Ms. Bauer to hear, to stop bothering her but he persisted in trying to trip her. Finally, she again told him to stop in a loud voice and gave him a push. He responded a second or two later by punching her in the face. At that point, Ms. Bauer intervened.
Both Tamika and another of her classmates, Josh Moncrief, testified that at the beginning of the school year, students were instructed on the proper procedure for going to and from the cafeteria. They were told to walk in single file and not to talk. According to Tamika, the procedure was not as strictly enforced by Ms. Bauer as it was by her first semester teacher, whom she did not name.[1] Josh also testified that on the day in question, the students were not observing the instructions previously given. According to him, the students were sort of "spread out" and talking, but not loud enough for Ms. Bauer, at the head of the group going up the stairs, to hear.
After plaintiffs rested their case and out of the presence of the jury, the court heard a proffer of additional testimony from Tamika and Josh on the relative strictness with which Ms. Bauer and Ms. Mathis enforced the cafeteria coming and going policy. This testimony was apparently proffered to preserve for appeal the testimony that would have been elicited had the trial court denied the school board's motion in limine. At the conclusion of the proffer, the trial court granted the board's motion for a directed verdict. This appeal then ensued.
*362 To prevail on a theory of negligent supervision, appellant must prove the basic elements of negligence: (1) existence of a teacher-student relationship giving rise to a legal duty to supervise the student; (2) negligent breach of that duty; and (3) proximate causation of the student's injury by the teacher's negligence. Collins v. School Board of Broward County, 471 So.2d 560, 563 (Fla. 4th DCA 1985) (citing Ankers v. District School Board of Pasco County, 406 So.2d 72 (Fla. 2d DCA 1981)).
In the case at hand, the first prong of the Collins test is not at issue. As to the negligence question, we are of the view that appellee cannot successfully argue that it cannot be held liable unless the supervising teacher was absent from her post. See e.g. Leahy v. School Board of Hernando County, 450 So.2d 883 (Fla. 5th DCA 1984). Questionable, too, is appellant's contention that permitting students to talk and not requiring them to walk in single file constitutes evidence of a deviation from a standard of care. The enforcement of a code or rule of student conduct is not necessarily tantamount to a standard of care, for not all rules of conduct address safety concerns. In the present case, it is not clear whether the "single file/no talking" rule is a rule of safety or a rule of discipline. See generally Steinberg v. Lomenick, 531 So.2d 199 (Fla. 3rd DCA 1988) (on rehearing) (appellant/plaintiff not entitled to jury instruction that violation of a staff rule that each child on the playground should be in view of a supervisor at all times would be evidence of negligence because internal rule does not itself establish the standard of care). Nonetheless, the evidence presented at least raised a jury question as to whether Ms. Bauer exercised a reasonable standard of care in supervising the students as they were ascending the stairs. The jury could have reasonably concluded that Ms. Bauer was able to hear a disturbance developing behind and below her as the class was climbing the stairs and had ample opportunity to address the problem before it developed into a full blown altercation.
With respect to the proximate cause question, the school board was not entitled to a directed verdict on the theory that even assuming negligence on the part of Ms. Bauer, the school board cannot be liable because appellant's injury was caused by the intervening and intentional act of Jerry Dupree. The Florida Supreme Court has adopted the position that "certain student misbehavior is itself foreseeable and therefore is not an intervening cause which will relieve principals or teachers from liability for failure to supervise." Rupp v. Bryant, 417 So.2d 658, 668 (Fla. 1982):
Recognizing that a principal task of supervisors is to anticipate and curb rash student behavior, our courts have often held that a failure to prevent injuries caused by the intentional or reckless conduct of the victim or a fellow student may constitute negligence.
Id. at 669, citing Dailey v. Los Angeles Unified School XDistrict, 2 Cal.3d 741, 748-49, 470 P.2d 360, 364, 87 Cal. Rptr. 376, 380 (1970).
The question of whether a defendant's negligence was the proximate cause of plaintiff's injuries is generally one for the jury unless reasonable persons could not differ in their determination of that question. Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187, 1189 (Fla. 1977); Kowkabany v. Home Depot, Inc., 606 So.2d 716 (Fla. 1st DCA 1992) (independent intervening cause should only be found where the circumstances are highly unusual, extraordinary, bizarre or, beyond the scope of any fair assessment of a danger created by the defendant's negligence) (citing Department of Transportation v. Anglin, 502 So.2d 896 (Fla. 1987)). See also McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992); cf. Florida East Coast Railway Co. v. Pickard, 573 So.2d 850 (Fla. 1st DCA 1990) (negligence of railroad employees who told plaintiff/trespasser when and where to "hop a train" not proximate cause of accident as a matter of law where plaintiff left the premises, decided to hitchhike instead, then changed his mind, returned to railyard and hopped a moving train in the rain and slipped under the train severing his legs). In the case at hand, *363 taking the facts in the light most favorable to appellant, we find that student fisticuffs are not such an unusual or extraordinary result of negligent supervision as to keep the question of proximate cause from the jury. Accordingly, we conclude that the trial court erred in granting appellee's motion for directed verdict.
In view of our disposition of this case on the directed verdict issue, it is not necessary for us to address the second issue on appeal. However, since a retrial is required, we offer the following with respect to the trial court's refusal to allow testimony as to the different degrees of enforcement of disciplinary rules by different teachers. In granting appellee's motion in limine, the trial judge determined that he would not admit evidence of how strictly various teachers enforced the rules with respect to walking and talking between classes. In particular, the trial court forbade any comparison between Tamika's second semester teacher, Ms. Bauer, and her first semester teacher, Ms. Mathis.
In excluding the proffered testimony, it is questionable whether the trial court employed the correct standard in deciding the issue. In Nesbitt v. Community Health of South Dade, Inc., 467 So.2d 711 (Fla. 3d DCA 1985), the district court addressed appellant's contention that the trial court erred in allowing evidence of the past treatment of the decedent by other hospitals to be used as a standard of reasonable care against which defendant's conduct was to be measured.
Because what is usually done is merely some evidence of the standard of care, it is admissible for that limited purpose. Its admission, however, must be qualified by a cautionary instruction to the jury that the evidence does not by itself establish a standard of care. 1 J. Wigmore, Evidence § 461 (2d ed. 1923). See Brigham Young University v. Lillywhite, 118 F.2d 836 (10th Cir.), cert. denied, 314 U.S. 638, 62 S.Ct. 73, 86 L.Ed. 512 (1941); Hellweg v. Chesapeake & Potomac Telephone Co., 110 F.2d 546 (D.C. Cir.1940). The general rule that evidence of custom bearing on the fact of negligence is admissible is, of course, subject to principles of relevancy and auxiliary policy. 2 J. Wigmore, Evidence § 461 (Chadbourn rev. 1979). See also Simonds v. City of Baraboo, 93 Wis. 40, 67 N.W. 40 (1896)... . The requirements of relevancy demand that the conduct of others must have occurred under circumstances substantially similar to the one in issue. See e.g., Anderson v. Malloy, 700 F.2d 1208.... [E]ven relevant evidence of custom may be excluded where it would, in the trial court's opinion, involve a great risk of the jury's confusion of evidential effect with legal standard of care or an undue waste of time. 2 J. Wigmore, Evidence § 461 (Chadbourn rev. 1979). See Brigham Young University v. Lillywhite, 118 F.2d 836.
Id. at 715.
Thus, on retrial, we commend the Nesbitt standard to the trial court's consideration should the school board once again seek to exclude such testimony. In doing so, we express no view as to whether the trial court should or should not admit such evidence.
REVERSED and REMANDED.
ALLEN and KAHN, JJ., concur.
NOTES
[1] On the day of trial, and apparently just prior to the trial, the trial judge granted the school board's motion in limine, thereby prohibiting Tamika Roberson from presenting testimony comparing the method of supervision of Ms. Bauer and any other teacher. While the testimony recounted in the text would appear violative of the judge's order, no objection was raised to its admission at trial.