Betty Jean **HICKMAN**, Plaintiff,

v.

**WAL–MART·STORES, INC.**, Defendant.

No. 92–355–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Nov. 10, 1993.

---

**24.** *See supra* note 22 for text of Jury Instruction No. 21.

Marzell Jr. Mitchell, Fort Myers, FL, for plaintiff.

Jane Runkle Lane, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Fort Myers, FL, for defendant.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on the following pleadings:

1. Motion to Dismiss or, in the Alternative, Motion for Sanction by Defendant, filed February 24, 1993. (Dkt. 25).

2. Defendant's Motion for Sanctions, filed February 26, 1993. (Dkt. 27).

3. Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and Motion for Sanctions, filed March 22, 1993. (Dkt. 29).

4. Memorandum filed by Plaintiff in support of Motion in Opposition, filed March 22, 1993. (Dkt. 30).

5. Defendant's Response to Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and Motion for Sanctions, filed March 30, 1993. (Dkt. 31).

6. Motion for Summary Judgment, by Defendant, filed April 7, 1993. (Dkt. 33).

7. Defendant's Memorandum of Law in Support of Motion for Summary Judgment, filed April 7, 1993. (Dkt. 34).

8. Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment, filed April 23, 1993. (Dkt. 36).

9. Plaintiff's Amended Motion in Opposition to Defendant's Motion for Summary Judgment, filed April 23, 1993. (Dkt. 39).

10. Defendant's Reply, filed April 28, 1993. (Dkt. 42).

## I. BACKGROUND

The complaint in this personal injury action was filed on November 2, 1992, naming as Defendant Wal–Mart Stores, Incorporated. Plaintiff, Betty Jean Hickman, alleges that on October 5, 1988 she was a business invitee on the premises of Wal–Mart Store # 623 located in Fort Myers, Lee County, Florida. This Store is owned, operated, managed, and controlled by Defendant, Wal–Mart Stores, Inc. ("Wal–Mart"). Further, Plaintiff alleges that while she was walking down one of the aisles on Defendant's premises she suddenly, and without warning, slipped and fell on a liquid substance that

was on the floor. The resulting fall allegedly caused injuries to Plaintiff.

Plaintiff asserts that the negligent condition of having a wet and slippery floor was known to Defendant or had existed for a sufficient length of time that Defendant should have known of it. Accordingly, Plaintiff claims that Wal–Mart, its agents, and employees were negligent in the following, among other things:

1. In failing to provide a safe place for their customers;

2. In carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk or harm to another person;

3. In failing to inspect, discover, and correct the aforementioned dangerous condition;

4. In carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against the dangerous condition; and

5. In failing to properly warn Plaintiff of the danger or to provide any protection by posting wet floor warning signs.

In contradistinction, Defendant affirmatively alleges that Plaintiff's own carelessness and negligence was the sole or proximate cause of her injuries and therefore Plaintiff is estopped from seeking recovery from Defendant. In the alternative, Defendant avers that the carelessness or negligence of Plaintiff contributed to the cause of the accident so that the negligence of the parties must be compared. Further, Defendant affirmatively alleges that if Plaintiff has sustained any injuries, it is the result of the negligence of other persons other than Defendant and, accordingly, Defendant would bear no responsibility, or alternatively, would bear only a portion of the responsibility of the damages claimed.

**1.** Rule 37 deals with a party's failure to make or cooperate in discovery and sanctions therefore. Subdivision (b) specifically deals with a party's failure to comply with an order. Subdivision (d) deals with a party's failure to attend his own deposition or serve answers to interrogatories or respond to request for inspection.

## II. DISCUSSION

### A. Motion to Dismiss or, in the Alternative, Motion for Sanctions

Wal–Mart moves this court to dismiss Plaintiff's cause of action pursuant to the provisions of Federal Rules of Civil Procedure 37(b) and (d)[1] or in the alternative appropriately sanction Plaintiff because she has not responded to this Court's Order dated February 10, 1993, compelling Plaintiff to answer Defendant's interrogatories and request to produce.

In opposition, Plaintiff asserts that it did, in good faith, comply with the Court's February 10, 1993 discovery Order by mailing her responses to Wal–Mart's counsel's post office box on two occasions and thus should not be sanctioned. Additionally, Plaintiff moves that Defendant has itself failed to answer the Plaintiff's interrogatories as ordered by the Court on February 25, 1993 and should have a default judgment entered against it or be sanctioned accordingly under Rule 37. Defendant responded by maintaining that it did answer Plaintiff's discovery request pursuant to this Court's Order dated February 25, 1993; thus, Plaintiff's frivolous request for further sanctions should be denied.

■ As for Defendant's Motion to Dismiss or, in the Alternative, Motion for Sanctions, Defendant has again failed to comply with Local Rule 3.01(a)[2] in that no memorandum of law is attached to the motion. Previously, the Court admonished counsel for Defendant in its order dated February 10, 1993, stating that counsel must comply with all Local Rules. Therefore, it is hereby ordered that the aforesaid motion, (Dkt. 25), is hereby **DENIED without prejudice.** Also, Defendant's subsequent Motion for Sanctions, (Dkt. 27), is hereby **DENIED** for it is not in compliance with local rule 3.01(a).

■ As for Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and

**2.** Local Rule 3.01(a) provides, in relevant part: "In making any written motion or other application to the Court for the entry of an order of any kind ... the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of the relief requested."

Motion for Sanctions, (Dkt. 29), district courts have broad discretion to fashion appropriate sanctions for violations of a discovery order. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993). Sanctions may be imposed to punish parties that are guilty of "willful bad faith and callous disregard" of court orders. *Securities and Exchange Comm'n v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 666 (5th Cir.1981). Further, entry of a default judgment as a sanction should only be a sanction of last resort if a party's noncompliance is due to willful or bad faith disregard of court orders. *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1542 (11th Cir.1985).

■ In the instant case, it appears that both parties seem to have some difficulty in complying with the other's discovery requests as evidenced by the instant motions and the fact that each party has previously filed a motion to compel discovery with this Court. (Dkts. 17 and 21). As of the date of this Order, both Defendant and Plaintiff have responded to their respective discovery requests per this Court's Orders dated February 10, 1993 and February 25, 1993. Neither party has failed to comply with the discovery requests at issue here, although they may not have responded in a timely manner. Further, the Court is not persuaded that Defendant Wal–Mart has willfully and in bad faith disregarded the Court's order regarding discovery as Plaintiff alleges. Thus, the Court does not find it necessary to impose sanctions against the Defendant pursuant to Rule 37.

Plaintiff's motions are hereby **DENIED** in all respects.

### B. *Summary Judgment Motion*

■ This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979) (citing *Hawkins v. Frick–Reid Supply Corp.*, 154 F.2d 88, 89–90 (5th Cir.1946)). Any factual disputes will preclude summary judgment.

The U.S. Supreme Court held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552. In addition the Supreme Court stated: "Rule 56(e) therefore, requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553 (quoting Federal Rules of Civil Procedure 56(c) and 56(e), respectively).

■ Wal–Mart has a legal duty to use reasonable care to not only protect its invitees from dangerous conditions on its premises but also to ensure that the premises are reasonably safe. In order to ensure that the premises are reasonably safe, the property owner has the duty to use reasonable care to learn of the existence of any dangerous conditions on the premises by way of actual knowledge or notice of such conditions.

■ In addition to having a duty based on actual knowledge of the existence of dangerous conditions, the business owner is also charged with a duty based on constructive notice of such dangerous conditions. "[A] special situation exists when the circumstances are such that a reasonable and prudent person inviting members of the public to a premises would reasonably foresee that some invitees (or third parties) might, from time to time, create dangerous conditions on

the premises. In such situations, the premises possessor's legal duty is to use reasonable care to timely discover the existence of such dangerous conditions." *Winn–Dixie Stores, Inc. v. Marcotte,* 553 So.2d 213, 214 (5th DCA 1989). Thus, although the premises possessor may not have had actual notice of a dangerous condition, the possessor would have breached his legal duty if it is determined that he had constructive notice of the dangerous condition. The premises possessor would be held to have constructive notice if a reasonable inspection would have revealed the dangerous condition and if the dangerous condition is shown to have existed before the injury occurred for a length of time in excess of the time between reasonable inspections. *Id.* at 215

To recover for injuries incurred in a slip and fall accident, a Plaintiff must show that the Defendant had actual or constructive notice of the dangerous conditions at issue. Wal–Mart argues that since Plaintiff cannot name any witnesses who viewed the accident or the liquid on the floor upon which Plaintiff allegedly slipped, Plaintiff will be unable to prove any actual knowledge on the part of Defendant. Moreover, Wal–Mart asserts that Plaintiff is unable to establish the length of time that the alleged liquid was on the floor; thus, Plaintiff will be unable to prove constructive notice on the part of Defendant as well. Defendant supports this assertion by submitting portions of Plaintiff's deposition and interrogatories where Plaintiff stated that she did not see the liquid anytime prior to the accident nor did she see anyone in the area just prior to or during the alleged accident. Wal–Mart argues that since Plaintiff will be unable to show that Defendant had actual or constructive knowledge of any liquid on the floor, she will be unable to prove an essential element of her case. Therefore, Defendant contends that its motion for summary judgment be granted and final summary judgment as a matter of law be entered against Plaintiff.

C. *Motion for Continuance of Discovery under Rule 56(f)*

Given that Defendant met its burden of what it believes to be an absence of genuine issue of material fact, the burden of proof then shifts to Plaintiff to sufficiently demonstrate that there is a genuine issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265. However, in this case, Plaintiff is alleging under Rule 56(f) it is unable to meet this burden and requires more time to discover facts in order to adequately oppose Defendant's summary judgment motion. Rule 56(f) provides:

> When Affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated presently by affidavit facts essential to justifying his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavit to be obtained or deposition to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). In order for the court to consider a motion based on Rule 56(f) the movant must file an affidavit explaining: (1) what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what effort the affiant has made to obtain them; and (4) why the affiant was unsuccessful in those efforts. *Hudson River Sloop Clearwater, Inc. v. Dept. of Navy,* 891 F.2d 414, 422 (2d Cir.1989); *See also S.E.C. v. Spence & Green Chemical Co.,* 612 F.2d 896, 901 (5th Cir.1980). "Vague assertions by the non-moving party that Discovery will uncover unspecified facts are not enough to trigger Rule 56(f) protection." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir.1990); *Gossett v. Du–Ra–Kel Corp.,* 569 F.2d 869, 873 (5th Cir.1978).

To begin with, Plaintiff has demonstrated why she was unsuccessful in her discovery efforts in that Defendant had not adequately answered some of the questions from the first set of interrogatories served upon Defendant. The Court believes that such information sought by Plaintiff is solely or largely within Defendant's knowledge or possession. Plaintiff submitted to the Court Defendant's answers to certain questions included in Plaintiff's first set of interrogatories that Plaintiff believed to be inadequate responses. For example, three of Defendant's responses

were as follows, according to Plaintiff, (Aff. of Marzell Mitchell, Jr.):

Plaintiff's Interrogatory Request No. 6:

On said day, how many employees were working at the time of the alleged occurrence?

Defendant's Response:

Not known

Plaintiff's Interrogatory No. 13:

State the name and address of the person or persons responsible for the maintenance and repair of the area of the alleged occurrence.

Defendant's Response:

(Defendant failed to respond to this interrogatory and gave no explanation for the failure or objection to the question.)

Plaintiff's Interrogatory No. 16:

State what instructions, if any were given to employees prior to the alleged occurrence regarding keeping the surface area clean or safe or reporting to any other person with regards to the surface area of the premises in question.

Defendant's Response:

All sales floors cleaned nightly.

In addition to alleging that she has unsuccessfully attempted to obtain certain facts due to Defendant's inadequate responses to interrogatories, Plaintiff also goes on to assert that the facts she seeks from Defendant are reasonably expected to create genuine issues of material fact. Plaintiff maintains that evidence of previous and subsequent accidents similar in nature to Plaintiff's would be permissible on causation issues and the dangerous condition's existence. Plaintiff alleges that Defendant failed to adequately answer such questions addressing this issue. Plaintiff argues that information as to the frequency of use of the particular area where Plaintiff slipped and fell (i.e., the number of patrons in the area/store) may establish an unreasonable risk existed. Defendant has not provided such requested information addressing this issue according to Plaintiff.

Plaintiff's affidavit further states that Defendant has not yet provided Plaintiff with the records and/or names of the employees working the day of the accident, thus preventing Plaintiff from being able to depose Defendant's employees. Plaintiff contends that Defendant's employees might have had an opportunity to discover the spill by reason of their number and physical proximity to the dangerous condition. Further, Plaintiff contends that it is possible that the employees would or should have become aware of such dangerous condition in the normal performance of their duties. Plaintiff argues that such questions concerning the likelihood of Defendant's employees discovering the condition are questions for the jury to weigh. Plaintiff's counsel states in his affidavit that he contacted defense counsel by phone and letter requesting complete answers to said interrogatories and attached this letter to his affidavit. (Aff. of Marzell Mitchell, Jr.).

The Court agrees with Plaintiff that such information is solely or largely within the control of Defendant and is crucial in aiding Plaintiff to oppose Defendant's motion for summary judgment. Especially important are the names and addresses of Defendant's employees to enable Plaintiff to depose such employees who were working in the area of the alleged accident on the day that it occurred. Such employees' statements/observations could very well go to Defendant's actual knowledge or constructive knowledge of the condition, if such employee were charged with making periodic inspections of the area in question. *See Schmidt v. Bowl America Florida, Inc.,* 358 So.2d 1385 (4th DCA 1978) ("Evidence that no inspection had been made during a particular period prior to accident may warrant inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery.") (citing *Jenkins v. Brackin,* 171 So.2d 589, 591 (Fla. 2d DCA 1965)).

Information regarding the number of patrons, accidents, employees on a given day and over a given period of time, or store procedure is information that is usually documented by a large business operation in its business records. For Wal–Mart to intimate that it does not know or cannot give approximate answers to such questions makes it appear as if Defendant is attempting to be evasive in its answers or that it has not done

a reasonable review of its business records for such answers.

 Wal–Mart has a duty to make a reasonable search of its business records and make a reasonable inquiry of its employee and agents in order to obtain the information asked in Plaintiff's interrogatories. Only after doing such, can the Defendant then aver that it has no knowledge as to the information requested in the interrogatory. If the answer to an interrogatory is ascertained from Defendant's business records, it is sufficient to specify in detail the records in which the answer can be found, provided that the burden of finding the answer is the same for both parties. *See* Federal Rule of Civil Procedure 33(c). The party serving the interrogatory must then be given an opportunity to examine such records in order to locate such answers. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to. *See* Federal Rule of Civil Procedure 33(a). If Defendant objects to an interrogatory, the reason for the objection shall be stated in lieu of the answer. *Id.*

Plaintiff has also furnished Defendant with a second set of interrogatories served with her 56(f) motion which seem to include many of the same questions that Plaintiff argues were answered inadequately by Defendant in Plaintiff's first set of interrogatories. These interrogatories also include questions concerning issues such as store logs, surveillance camera recordings, and whether Defendant received any complaints as to a dangerous condition in the area in which Plaintiff fell. This second set of interrogatories appears as an attempt by Plaintiff to follow up on questions that it felt were inadequately answered in its first set of interrogatories to Defendant as well as an attempt to engage in further discovery as to new interrogatories.

This Court believes that Plaintiff has demonstrated that the discovery sought is germane to her cause of action, however the Court must also consider whether Plaintiff has already had sufficient time to engage in such discovery prior to the date of this Order. From the record it appears as though Plaintiff has been given more time for discovery following the filing of her motion in opposition to summary judgment and 56(f) motion. This Court did subsequently grant Plaintiff's motion to continue this action, (Dkt. 40), based on Plaintiff's argument that she was in the midst of discovery and was not ready to respond to Defendant's summary judgment motion. Plaintiff's motion was granted until June 1, 1993. (Dkt. 40). Further, upon Defendant's motion for continuance of arbitration, the Court granted a continuance from the May 26, 1993 date set for the arbitration hearing and rescheduled the hearing for July 22, 1993. (Dkt. 45). This continuation of arbitration afforded Plaintiff even more time for discovery. On July 20, 1993 (two days before the arbitration hearing) Plaintiff moved this Court for a continuance of the arbitration hearing scheduled on July 22, 1993 on the grounds that Plaintiff had received incomplete answers to Plaintiff's second set of interrogatories from Defendant on June 28, 1993. Plaintiff alleges that it requested complete answers from Defendant of July 9, 1993. Nevertheless this Court denied Plaintiff's motion to continue arbitration upon its Order dated July 21, 1993.

Also on July 20, 1993, Plaintiff filed a motion to compel Defendant to fully respond to the questions that were incompletely answered in the second set of interrogatories so that it could prepare its case. This Court denied that request without prejudice on August 16, 1993 because Plaintiff did not comply with local rule 3.01(a) by submitting a memorandum of law in support of her motion. Plaintiff has now demanded a trial *de novo* (Doc. 52) following the conclusion of the arbitration hearing.

 This Court is charged with a duty under Rule 56(f) to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment. *Skandinaviska Enskilda Banken v. Rathaus,* 624 F.Supp. 207, 209 (S.D.N.Y.1985). Rule 56(f) is intended for limited use as a procedural safeguard to prevent a "premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir.1978) (quoting 10A Wright, Miller, & Kane, *Federal Practice*

*and Procedure* § 2740 (1983)). However, Rule 56(f) cannot be used to allow an unlimited "fishing expedition" as to discovery, especially when the record demonstrates that the requested discovery is not likely to produce material facts needed to defeat a summary judgment motion. *School Board of Okaloosa County v. Richardson,* 332 F.Supp. 1263, 1269 (N.D.Fla.1971), *Paul Kadair, Inc. v. Sonny Corp. of America,* 88 F.R.D. 280, 289 (M.D.La.1980). Whether the facts presented support a continuance under Rule 56(f) to allow further discovery is within the discretion of the Court. *Kadair,* 88 F.R.D. at 289.

Troubling to this Court is the fact that the same types of questions that Defendant allegedly inadequately responded to in set one of Plaintiff's interrogatories are also the types of questions that Plaintiff is again arguing are not being fully responded to by Defendant in set two of Plaintiff's interrogatories. *See* Plaintiff's Motion for Continuance (Dkt. 47) and Plaintiff's Motion to Compel (Dkt. 48). Questions such as the names of store employees working on the day of the accident, the store sweeping/cleaning schedule and who performs such tasks, and whether prior slip and fall accidents have occurred at the store are all important questions in aiding Plaintiff in preparing her case. Once again, it is these types of questions that Plaintiff is maintaining that Defendant is not fully answering. As stated earlier, Defendant should be able to fully answer such questions after consulting with its employee and/or examining its business records, etc. unless Defendant has an objection supported by a reason.

It may be that Plaintiff is engaging in discovery within a reasonable time frame but her case preparation is being frustrated by untimely and/or inadequate answers from Defendant. Then again this very well may not be the case. However, if Defendant is answering such questions inadequately, it is up to Plaintiff to demonstrate this to the Court by way of a memorandum of law in support of its motion to compel Defendant to fully respond to certain questions at issue.

▆ In exercising the discretion afforded this Court, and upon review of the record, the Court concludes that there are specific controverting facts largely within Defendant's control which are important in aiding Plaintiff to adequately defend a motion for summary judgment in that such facts could reasonable be expected to create a genuine issue of material fact. Further, it appears that Plaintiff has made a reasonable effort in attempting to procure these controverted fact by submitting interrogatories to Defendant.

Further action by this Court on Defendant's motion for summary judgment will be **STAYED** to allow Plaintiff ten (10) days from the date of this Order to properly re-file her motion to compel, (Dkt. 48), in accordance with local rule 3.01(a) as to interrogatories numbered 1, 8, 9, 14, 16, 17, 20, 21, and 24 of Plaintiff's second set of interrogatories. Upon timely receipt of such motion, the Magistrate will then determine if it is necessary to compel Defendant to answer the specified interrogatories. If the Magistrate grants Plaintiff's motion to compel, Plaintiff will then be required to re-file it response in opposition to Defendant's motion for summary judgment after said discovery period has ended. However, if the Magistrate denies the motion to compel, this Court will proceed to rule on the pending motion for summary judgment based upon the existing record.

Plaintiff's motion under Rule 56(f) for continuance of discovery is hereby **GRANTED** with respect to allowing Plaintiff ten (10) day to properly re-file her motion to compel, in accordance with the foregoing. Plaintiff's motion in opposition to Defendant's Motion for Summary Judgment and amended Motion (Dkts. 36 and 39) are otherwise **DENIED** in all other respects.

**IT IS SO ORDERED.**