656 So.2d 1340 (1995)
KMART CORPORATION, Appellant,
v.
James Philip DWYER, Appellee.
No. 94-1719.
District Court of Appeal of Florida, Fifth District.
June 16, 1995.
Rehearing Denied July 21, 1995.
Dwight Chamberlin, Ebbets, Armstrong & Chamberlin, Daytona Beach, for appellant.
Michael C. Huddleston, James, Zimmerman & Paul, DeLand, for appellee.
COBB, Judge.
This case turns on the question of whether the plaintiff below, James Dwyer, presented a sufficient evidentiary basis to entitle him to jury consideration of his claim that a Kmart store was negligent in some degree, causing him to slip and fall down as he entered an automatic exit door on a very rainy day.
It was Dwyer's contention that he fell after taking four steps inside the store because the floor was wet. At the time of Dwyer's fall, Kmart had placed mats inside its entrance doors. Prior to Dwyer's fall there were also warning cones in front of the entranceway area warning people that the floors were wet, and there were attendants there with mops and buckets as well as cloths to dry carts brought in from outside.
There were several sets of doors at the front of the store and an inner area or vestibule. The entrance doors were on the left side, unlike many other Kmarts. No barricades separated the exit from entrance doors. Dwyer entered the store through the automatic exit doors. These doors were open at the time Dwyer entered as a result of people standing on the electronically activated rubber mat which opened the doors. Dwyer claims he followed several other people entering through the exit doors.
The rubber mat, which absorbs water, had arrows on it pointing outside. Dwyer passed through the exit doorway, stepped off the rubber mat, took four steps and slipped and fell. He landed on his left shoulder and immediately felt pain. After the fall, Dwyer noticed his shoulder and side were wet. Dwyer testified that the floor was wet and this caused him to slip.
Dwyer presented the deposition testimony of Carol Smith, the Kmart store greeter on duty at the time of Dwyer's fall. According to this testimony, Kmart, in accordance with its usual practice, had placed extra mats at the front entry doors because of the rainy weather and placed warning cones in front of *1341 the entranceway area, warning customers that the floors were wet. At the time Dwyer fell, Smith had her back to the exit and was greeting customers as they came in through the entrance doors, warning them to be careful; that "the floors still could be treacherous, to watch their step, please."
During Kmart's case, Smith testified that the warning cones were yellow and said "Caution  Wet Floors." Smith further testified that she had been walking in the area where Dwyer fell prior to his fall and that it was dry. On speaking with Dwyer following his fall, Smith noticed he had a strong odor of alcohol on his breath. Smith testified that she had, on occasion, seen people enter through the exit doors.
The jury returned a verdict finding Kmart 65% negligent and Dwyer 35% negligent and set damages at $51,000.00, resulting in a judgment for Dwyer for $33,150.00. After the denial of its motion for new trial, Kmart has appealed.
Kmart argues that Dwyer presented no evidence of actual knowledge on its part that the area where he fell was wet. Dwyer responds that his case was indeed based on the landowner's actual knowledge of the dangerous condition on its premises. He asserts that Kmart's knowledge of the wet floor was clearly established by the testimony of its own employees that they placed warning cones and mats at the entranceway and had an employee alerting those entering through the entranceway to be careful, to watch their step.
It is well-settled in Florida that an owner or possessor of land has a duty to his invitees both to keep his property reasonably safe and to use reasonable care to protect invitees from dangerous conditions of which the landowner or possessor is, or should be aware. Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980).
Dwyer asserts that because Kmart did not act to prevent customers from entering the store through its automatic exit doors it owed such customers the following duties: (1) to warn of the wet floors, and (2) to take precautions to protect such customers from the wet floor by way of mats, dry mopping and the like; precautions taken at the entrance doors, but not at the exit doors. Dwyer argues that Kmart breached both duties, and thus was negligent.
There is ample evidence, primarily in the nature of the remedial steps taken by Kmart, to show that it knew the floor inside the entrance doors was wet and slippery. However, Kmart took no such remedial steps at the exit doors. Thus, it cannot be said from the evidence of remedial measures that Kmart had actual knowledge that the floor just inside its exit doors was also wet and a danger.
Dwyer claims such actual knowledge exists because Kmart knew that people occasionally entered the store through its exit doors. This, however, does not itself establish that Kmart had actual knowledge that the floor inside the exit doors was wet and thus dangerous. Kmart's greeter testified that she had been walking in the area where Dwyer fell prior to his fall and that it was dry. Evidence was presented that mats were not placed in this area because it was dry. In sum, Dwyer presented no evidence that Kmart had actual knowledge of the existence of a wet condition in the area where Dwyer fell.
Dwyer concedes this is an actual knowledge case, obviously realizing that he cannot prevail on a constructive knowledge theory. This is because the plaintiff could not establish the length of time that the alleged wet spot had existed prior to his fall. See, e.g., Silver Springs Moose Lodge No. 1199 v. Orman, 631 So.2d 1119 (Fla. 5th DCA 1994) (reversing for entry of directed verdict for landowner where plaintiff slipped on liquid after entering lodge on rainy night, landowner lacked actual knowledge of substance's presence, and plaintiff could not establish how liquid got onto floor or how long it had been there prior to fall). See also Wal-Mart Stores, Inc. v. King, 592 So.2d 705 (Fla. 5th DCA 1991), rev. denied, 602 So.2d 942 (Fla. 1992). Indeed, from the plaintiff's own testimony, it is possible water dripped off the person who entered just before him and thus *1342 only existed on the floor for just a second or two.[1]
In Marcotte, this court explained that a landowner is not an insurer of the safety of its invitees. 553 So.2d at 214. Dwyer attempts here to hold Kmart to the standard of an insurer, arguing that Kmart should have blocked persons from entering through the exit doors. However, short of stationing an employee outside of these automatic doors, how could this be done? Kmart is held to a reasonableness standard, not a standard which anticipates every possible misuse of its means of ingress and egress. Kmart is liable for the slip and fall only if it had actual or constructive knowledge of the existence of the wet area on which Dwyer claims he slipped.
The evidence presented does not establish that Kmart had actual or constructive knowledge of the wet area inside its exit doors on which the plaintiff claims he slipped and fell. Under those facts, the judgment for the plaintiff must be reversed and the cause remanded for entry of judgment in favor of Kmart.
REVERSED AND REMANDED.
THOMPSON, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
The issue in this case is whether there was sufficient evidence that Kmart had either actual or constructive notice that its floors inside the store in front of the exit doors were wet. If Kmart had such knowledge or should have had it under the circumstances, then the jury was properly allowed to determine Kmart was liable for the injuries Dwyer suffered when he fell in the Kmart store. See Winn Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). The standard of review for an appellate court is a narrow one. If there was competent proof to go to the jury, we should not direct a verdict from the shores of the Halifax.[1]
In my view, there was enough evidence in this case. Dwyer testified the area where he fell near the exit doors was wet, and when he was picked up off the floor, his clothing was damp from water on the floor. Indeed, the Kmart employee testified that the area in which Dwyer fell was dry immediately before he fell, but the jury did not have to believe this testimony. It was also established that on the afternoon when Dwyer fell, one of central Florida's not uncommon torrential rainstorms was in progress. The floors in the store's entrance were very wet. Mats had been put out, with warning cones near the entrance doors.
The problem was that the store managers only protected the entrance side of the doors, not the exit doors. Yet, the sets of doors were adjacent to one another, and if puddles were forming in front of the entrance doors, it is not unexpected that they could migrate to the exit door area, even if the public were only entering through the entrance doors. But here, the evidence showed that the public was entering through the exit doors as well. The permissible inference from this follows that the exit area was also getting tracked with wet shoes, and needed mopping, cones, and mats.
Although there is no direct testimony about how long the exit door area had been wet, the fact that the rain storm had been an all-afternoon happening, and the fact that Kmart employees had time to take due precautions for the entrance doors, provides a reasonable basis for the jury's conclusion that the condition at the exit doors had existed *1343 long enough to require remedial action on the part of Kmart. I would affirm this case.
NOTES
[1] Dwyer suggests that Kmart created the dangerous condition by tracking wet shopping carts across the area where he fell. The evidence presented, however, does not sufficiently establish that the carts traversed the area where Dwyer fell.
[1] Woods v. Winn-Dixie Stores, Inc., 621 So.2d 710 (Fla. 3d DCA 1993); Phillips v. Van's Electric of Lake Worth, Inc., 620 So.2d 253 (Fla. 4th DCA 1993); Roberson v. Duval County School Board, 618 So.2d 360 (Fla. 1st DCA 1993); Kenn-Air Corp. v. City of Palatka, 581 So.2d 606 (Fla. 5th DCA 1991); Owens v. Department of Highway Safety and Motor Vehicles, 572 So.2d 953 (Fla. 5th DCA 1990).